**Richard Allen BLACK, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 15609.

United States Court of Appeals
Ninth Circuit.

Jan. 24, 1958.

Richard Allen Black, Steilacoom, Wash., in pro. per.

Morris H. Simmons, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Joseph F. Bender, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and CHASE A. CLARK, District Judge.

PER CURIAM.

This is an appeal brought after an adverse ruling by a district court against the prisoner Black, confined in a federal penitentiary in the State of Washington. The prisoner filed a motion under 28 U. S.C.A. § 2255 "to correct illegal sentence."

A four count indictment concerning narcotics was returned in the United States District Court for the Southern District of California on May 2, 1956. Black was charged with no offense in counts one and two. In count three, he was charged with defendants Reeves and Harris with the substantive offense of the sale of more than an ounce of heroin, a narcotic drug. See Sec. 21 U.S.C.A. § 174. In count four he was charged with the same three other defendants with a conspiracy to "knowingly and unlawfully receive, conceal, sell, and transport and facilitate the concealment, sale and transportation" of the identical heroin. 18 U.S.C.A. § 371.

After a jury trial which found the defendant Black guilty of the offenses as charged, he was sentenced to two years imprisonment on the substantive count and four years on the conspiracy count, the sentences to run consecutively for a total of six years. (Parenthetically, we can say that Black was represented by competent counsel and no appeal was taken.)

The burden of the prisoner's present § 2255 petition is that on the charge presented against him he could have committed only one offense and he has been convicted and given consecutive sentences for two offenses. Of course, if he has committed only one offense, his position is well taken. But the district court has

**94**

held two offenses were committed. Therefore, it denied relief.

 While the law requires overt acts to complete criminal conspiracies, the essence of the offense of the conspiracy, that which is punished, is the "agreement."

 This is the typical case of two crimes out of the same sequence of events which we shall not detail. And we find charged, as did the district judge, the elements of the substantive crime and the conspiracy crime. We fail to find the exact identity which the prisoner asserts. Our view is that there were additional ingredients set forth as required by Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489.

The order denying relief is affirmed.