**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gordon Edward CROXTON, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Claude TREMBLAY, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raul GARCIA, Defendant-Appellant.**

**Nos. 73–1304 to 73–1306.**

United States Court of Appeals, Ninth Circuit.

Argued May 29, 1973.

Decided June 7, 1973.

Gilbert Veliz, Jr., Asst. Federal Public Defender (argued), Tucson, Ariz., for appellant (Croxton).

Leon Thikoll (argued), of Thikoll & Johnson, Tucson, Ariz., for appellant (Tremblay).

James L. Robinson, Jr. (argued), Tucson, Ariz., for appellant (Garcia).

Ann Brown, Asst. U. S. Atty. (argued), William C. Smitherman, U. S. Atty., James E. Mueller, Asst. U. S. Atty., Tucson, Ariz., for the United States.

Before BARNES and WALLACE, Circuit Judges, and BYRNE,* Sr., District Judge.

WALLACE, Circuit Judge:

Croxton, Tremblay, and Garcia were convicted of conspiracy to import marijuana in violation of 21 U.S.C. § 963. Their appeal questions whether a conspiracy agreement was finally formed and whether they were entrapped. We affirm.

The three were in Arizona making plans to fly 800 pounds of marijuana into the United States; Tremblay had access to this amount near his home in Mazatlan, Mexico. They travelled to Phoenix and attempted to hire a pilot, but were unsuccessful because the pilot could not qualify to fly the plane desired.

Arriving in Tucson, Tremblay contacted Lynne Zongker, discussed his lack of

---

* Honorable William M. Byrne, Sr., United States District Judge, Los Angeles, California, sitting by designation.

success and requested assistance. Unfortunately for Tremblay, Zongker was a government informer and made arrangements for him to meet a proposed pilot, Warren Parthen, a United States Customs Agent. The scheme was discussed further and plans made. Tremblay wanted to check out a landing strip near Blythe, California so Parthen flew them there. Tremblay paid to have Parthen certified for the aircraft and also paid for the flight.

Only one problem remained—whether the runway to be used in Mazatlan was adequate. All agreed that Tremblay and Parthen would take a commercial flight to examine the runway. Shortly after airline tickets were purchased, the three were arrested.

### I. *Sufficiency of Evidence.*

█ Tremblay and Croxton claim the conspiracy agreement was not complete —that it was still in the negotiation stage and would not have been finalized until the landing strip in Mexico had been approved.

Obviously, the marijuana transaction need not be completed as the gist of the offense is the agreement to accomplish an unlawful purpose. Black v. United States, 252 F.2d 93, 94 (9th Cir. 1958); Ong Way Jong v. United States, 245 F.2d 392, 394 n. 2 (9th Cir. 1957). The question raised here is whether the evidence of a conspiracy is sufficient if the parties have not finalized the specific *means* or plan for transporting the marijuana into the United States. To hold that the evidence in this case was insufficient would produce a doctrine tending to absurd results. These same defendants, having examined and approved the Mazatlan runway, could still claim that their conspiracy was incomplete because they had not filed a flight plan with the appropriate authorities.

█ The trial judge correctly instructed the jurors that the government must prove beyond a reasonable doubt that the defendants conspired to commit an offense against the United States.

He further instructed them there need not have been a formal or express agreement or a statement of the scheme or the means to effect it. Given these, and other, proper instructions on the law of conspiracy, the jury could find these defendants guilty of an agreement to import marijuana into the United States. It was not essential to the crime charged that the conspirators had agreed upon the specifics of the method proposed. *See* Williamson v. United States, 207 U.S. 425, 446–449, 28 S.Ct. 163, 52 L.Ed. 278 (1908). *See also* Pierce v. United States, 252 U.S. 239, 244, 40 S.Ct. 205, 64 L.Ed. 542 (1920); United States v. Root, 366 F.2d 377, 382–383 (9th Cir. 1966), cert. denied, 386 U.S. 912, 87 S. Ct. 861, 17 L.Ed.2d 784 (1967); Eaker v. United States, 76 F.2d 267, 269 (10th Cir. 1935). Conspiracy "does not require 'mission accomplished', only 'mission attempted'. An overt act by the conspirators in an effort to accomplish the mission satisfies the requirement of the statute." United States v. Root, 366 F.2d 377, 383 (9th Cir. 1966), cert. denied, 386 U.S. 912, 87 S.Ct. 861, 17 L.Ed. 2d 784 (1967).

### II. *Entrapment.*

█ All three appellants assert error involving entrapment or related theories. Croxton did not effectively raise the defense. Further, he failed to admit doing the acts charged—a condition precedent to raising the defense. United States v. Mehciz, 437 F.2d 145, 149 (9th Cir.), cert. denied, 402 U.S. 974, 91 S.Ct. 1663, 29 L.Ed.2d 139 (1971).

█ Garcia raised the entrapment issue by his motion for a "directed verdict" at the end of the government's case. However, subsequent to its denial, he testified in his own behalf. In doing so, and in the absence of plain error, he waived any right to challenge the denial of his motion for judgment of acquittal. See United States v. Lewis, 426 F.2d 266 (9th Cir. 1970); Viramontes-Medina v. United States, 411 F.2d 981 (9th Cir. 1969); Benchwick v. United States, 297 F.2d 330 (9th Cir. 1961). There was no

plain error. He did not renew his motion at the close of the case and he raised no other question on appeal.

■ As to Tremblay, neither he nor any other appellant submitted an entrapment instruction or objected to the one given. In the absence of plain error, no party may first object to an instruction upon appeal. Fed.R.Crim.P. 30, 52(b). We have reviewed the evidence and the court's entrapment instruction and find no error, plain or otherwise. This properly instructed jury could and did reject appellants' defense.

■ The appellants argue that they were not given the benefit of United States v. Russell, 459 F.2d 671 (9th Cir. 1972) and Greene v. United States, 454 F.2d 783 (9th Cir. 1971). They assert that without the government's unconscionable, active participation in supplying an airplane, the venture could not succeed. *Russell* and *Greene* represented a departure from the traditional defense of entrapment. Unfortunately for appellants, the United States Supreme Court reversed *Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), reaffirming that the defense was only available to the "unwary innocent" and not the "unwary criminal." *See* Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). "It is only when the government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play." United States v. Russell, 411 U.S. 423, 436, 93 S.Ct. 1637 at 1645, 36 L.Ed.2d 366 (1973).

They contend, however, that this case is distinguishable from *Russell* because only Parthen could secure a plane legally, there was no on-going business and *Russell* was not a conspiracy case. We are not persuaded. Parthen did not implant the criminal design in their minds and therefore this "relatively limited defense" is not available. United States v. Russell, 411 U.S. at 435, 93 S.Ct. 1637 (1973).

Affirmed.