974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria GALLEGOS-GARCIA, Defendant-Appellant.
 No. 91-50617.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 19, 1992.
Decided Sept. 1, 1992.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-90-1275-K-2; Judith N. Keep, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maria Gallegos-Garcia was convicted of two counts of conspiracy to possess for distribution ten kilograms of cocaine, and possession with intent to distribute five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1988). She was sentenced to ten years on each count with the sentences to run concurrently. She appeals her conviction.
 
 
 3
 * Gallegos-Garcia first argues the district court should have acquitted her because she was entrapped by government agents. We have held that "[t]he existence of entrapment is ordinarily a question of fact for the jury, and we will not disturb the jury's finding unless, viewing the evidence in the light most favorable to the government, no reasonable jury could have concluded that [the defendant] was predisposed to commit the charged offenses." United States v. Steinberg, 803 F.2d 422, 432 (9th Cir.1986) (citation omitted). The government argues that Gallegos-Garcia never moved for acquittal, therefore the issue is either waived or the review is for plain error. United States v. Mora, 876 F.2d 76, 77 (9th Cir.1989); United States v. Croxton, 482 F.2d 231 233-34 (9th Cir.1973) (The defendant "did not review his motion [for acquittal] at the close of the case," and therefore the review of the entrapment defense is for plain error); United States v. Comerford, 857 F.2d 1323, 1324 (9th Cir.1988) (citing Croxton for the proposition that we may review for plain error the sufficiency of evidence claim when there is failure to make a motion of acquittal at the close of the case), cert. denied, 488 U.S. 1016 (1989).
 
 
 4
 We need not reach the issue of whether Gallegos-Garcia had to move for a judgment of acquittal at the end of her case to preserve the issue of entrapment for appeal, for under either standard, her claim fails.
 
 
 5
 To obtain reversal, Gallegos-Garcia must show there is "undisputed evidence that a government agent induced an otherwise innocent person to commit the alleged crime by trickery, persuasion, or fraud." United States v. Citro, 842 F.2d 1149, 1151 (9th Cir.), cert. denied, 488 U.S. 866 (1988). There are five factors to consider when determining the predisposition of Gallegos-Garcia.
 
 
 6
 (1) the character or reputation of the defendant; (2) whether the government made the initial suggestion of criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the government's inducement.
 
 
 7
 Id. at 1152. "[T]he most important factor is whether the defendant demonstrated reluctance to engage in the crime which was overcome by repeated Government inducement." Id.
 
 
 8
 In the instant case, the government produced evidence that when Gallegos-Garcia was contacted by her former high school friend, Stacy Casciano, the subject of drugs arose, and later when speaking to her friend's father the subject also arose. Tony Casciano testified that Gallegos-Garcia told him she was involved in selling drugs and that she had a boss who sold "big quantities of it." Gallegos-Garcia did not attempt to withdraw from the situation; rather, she produced five kilograms of cocaine for which she was paid $250 per kilogram. The government showed predisposition when Gallegos-Garcia introduced Tony Casciano to Luis Moreno, and when she introduced Casciano and Agent Scott to her codefendant, Oscar Humerto Gallegos. Gallegos-Garcia set up and attended many meetings with these people, where drug deals were being made. As in Citro, there was sufficient evidence of inducement even though the defendant did not initiate the criminal activity, and did not agree to participate at first.[1]
 
 
 9
 Even if this issue had been preserved for appeal, there would have been no error on the part of the district court. Viewed in the light most favorable to the government, there was sufficient evidence for a rational trier of fact to conclude that Gallegos-Garcia was predisposed to commit the crime.[2]
 
 II
 
 10
 Gallegos-Garcia also argues the district court erred when it refused to give her Proposed Jury Instruction Number Two. Although the standard of review is unsettled on the issue of whether a district court's denial of a proposed jury instruction is reviewed de novo or for an abuse of discretion, United States v. Ravel, 930 F.2d 721, 724 (9th Cir.), cert. denied, 112 S.Ct. 308 (1991), under either standard, there was no error.
 
 
 11
 The district court did not give the proposed instruction--based on D.C.Circuit precedent--because, as the district court stated, "the focus in the Ninth Circuit is on the defendant.... And there are a lot of things that they [the D.C.Circuit] list as inducement that are perfectly legal ... in the Ninth Circuit."
 
 
 12
 Entrapment was described in Instructions 25 and 25a, which, in part, listed the Citro five elements discussed above. Element two instructed the jury to consider "whether the suggestion of the criminal activity was initially made by the government," and element number five stated "the nature of the inducement or persuasion by the government" should be considered. Instruction 25a stated that "the jury should consider all of the evidence received in this case concerning ... the nature and degree of the inducement or persuasion provided by the law enforcement officers."
 
 
 13
 We hold that the instructions that were given adequately instructed the jury as to how inducement is used with respect to the defense of entrapment. See United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991) (review is to see if the jury instructions given adequately cover the defense theory).
 
 
 14
 Gallegos-Garcia finally argues that her Proposed Jury Instruction Number Two should have been given when the jury during deliberation asked a question about the definition of "inducement." However, because the judge was not immediately available, the jury returned a guilty verdict before the judge gave further instruction. In any case, there was no error, for, as discussed above, the instructions given adequately covered the legal definition of "inducement."
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In Jacobson v. United States, 112 S.Ct. 1535 (1992), the Supreme Court found entrapment, but there was much more pressure and less predisposition in Jacobson. There the Court considered the fact that the defendant had not been involved in illegal child pornography, id. at 1540, and it took the government 26 months of repeated attempts to pressure the defendant to succumb, id. at 1531. United States v. Skarie, No. 91-50007, slip op. 8975 (9th Cir. July 20, 1992), indicates that Jacobson did not change the law of entrapment significantly. It is still necessary that "the prosecution must prove beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." Id. at 8981 (quoting Jacobson, 112 S.Ct. at 1540)
 
 
 [2]
 In a letter to this Court filed under Fed.R.App.P. 28(j) and submitted a week prior to oral argument, Gallegos-Garcia claimed that she was prejudiced because Stacy Casciano was unavailable to testify in her trial. Federal Rule of Appellate Procedure 28(j) only deals with citation of supplemental authorities. An issue raised so late in the appellate proceeding is not reviewable unless a substantial inequity would result. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir.1991). In the instant case, even if we were to reach the issue, Gallegos-Garcia has presented no evidence to indicate Stacy Casciano's testimony would have corroborated Gallegos-Garica's claim of a lack of predisposition