R. W. BRUBAKER, who is also known as Ronald W. Brubaker, et al., Appellants,

v.

Rogers C. B. MORTON, as Secretary of the Interior of the United States of America, Appellee.

No. 73-2974.

United States Court of Appeals, Ninth Circuit.

June 27, 1974.

John B. Lonergan, San Bernadino, Cal., for appellants.

Edmund B. Clark, Chief, App. Section, Dept. of Justice, Land & Natural Resources Div., Washington, D. C., for appellee.

Before DUNIWAY and GOODWIN, Circuit Judges, and SKOPIL,* District Judge.

## OPINION

ALFRED T. GOODWIN, Circuit Judge:

The Secretary of the Interior invalidated appellants' placer mining claims located on public lands. Appellants sued,[1] contending that the Secretary erred in concluding that mineral deposits of colored stone, used for decorative roofing material, were "common varieties" of stone, not subject to claim and location under the federal mining laws. The district court agreed with the Secretary, and granted summary judgment. We affirm.

The Secretary's decision was the culmination of administrative proceedings initiated by the filing of contests by the Bureau of Land Management in 1963, charging that the claims were of a "common variety" of stone, not locatable under the mining laws at the times the claims were located.[2] After ten years of hearings and administrative appeals, the Interior Board of Land Appeals, acting pursuant to authority delegated to it by the Secretary, 43 C.F.R. § 4.1, held that appellants' claims were void because their brightly colored stone, while selling for a higher price than gray stone,

---

* The Honorable OTTO R. SKOPIL, United States District Judge for the District of Oregon, sitting by designation.

1. Mandamus, pursuant to 28 U.S.C. § 1361, and administrative review, under 5 U.S.C. §§ 701–704, were sought in the district court.

2. All the claims were located after enactment of section 3 of the Act of July 23, 1955, 69 Stat. 368, 30 U.S.C. § 611.

did not have a special and distinct value over that of other stone deposits in common supply in the same market area. Hence, their stone was a common variety within the meaning of section 3 of the Act of July 23, 1955, 69 Stat. 368, 30 U.S.C. § 611, and was not subject to mineral filing.[3]

Title 30 U.S.C. § 611 states in pertinent part as follows:

"No deposit of common varieties of sand, stone, gravel, pumice, pumicite or cinders * * * shall be deemed a valuable mineral deposit within the meaning of the mining laws of the United States so as to give effective validity to any mining claim hereafter located. under such mining laws * * *. 'Common varieties' as used in sections 601, 603, and 611 to 615 of this title does not include deposits of such materials which are valuable because the deposit has some property giving it distinct and special value * * *."

In United States v. Coleman, 390 U.S. 599, 88 S.Ct. 1327, 20 L.Ed.2d 170 (1968), the Supreme Court held that this section does apply to common varieties of building stone, but that 30 U.S.C. § 161, authorizing mining locations of lands chiefly valuable for building stone, remains viable and effective as to building stone that has some property giving it distinct and special value.

Appellants argue that the stone on their claims, which is used primarily for roofing-rock, has a property giving it distinct and special value—its bright

color. Whereas their stone sells for from $10.50 to $13.00 per ton, normal gray stone, also used for roofing, sells for only $8.00 per ton. However, attractive colored stone like that on appellants' claims can be found in many other locations in the same market area, and appellants' stone sells for the same price as that from these other locations.

■■■ Relying upon the statute, 30 U.S.C. § 611, and his own interpretive regulation, 43 C.F.R. § 3711.1(b),[4] the Secretary held that, since comparable colored stone was in common supply, appellants' stone should be compared with other deposits of colored stone, not with deposits of gray stone, to determine whether it had some distinct and special value. So compared, it did not.

A court faced with a problem of statutory construction should give great deference to the interpretation of a statute by the officers or agency charged with its administration. Red Lion Broadcasting Co. v. FCC, 395 U.S. 367, 381, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969). When the construction of an administrative regulation, rather than the statute itself, is in issue, deference is even more clearly in order. Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

Not only does the Secretary's interpretation conform to the command of the statute and his own regulation, but also it is consistent with the Supreme Court's opinion in United States v. Coleman, *supra*. The stone involved there was very common quartzite. The Su-

3. The opinion of the Board may be found at 9 I.B.L.A. 281 (1973).

4. " 'Common varieties' includes deposits which, although they may have value for use in trade, manufacture, the sciences, or in the mechanical or ornamental arts, do not possess a distinct, special economic value for such use over and above the normal uses of the general run of such deposits. Mineral materials which occur commonly shall not be deemed to be 'common varieties' if a particular deposit has distinct and special properties making it commercially valuable for use in a manufacturing, industrial, or processing operation. In the determination of commercial value, such factors may be considered as quality and quantity of the deposit, geographical location, proximity to market or point of utilization, accessibility to transportation, requirements for reasonable reserves consistent with usual industry practices to serve existing or proposed manufacturing, industrial, or processing facilities, and feasible methods for mining and removal of the material. Limestone suitable for use in the production of cement, metallurgical or chemical grade limestone, gypsum, and the like are not 'common varieties.' This subsection does not relieve a claimant from any requirements of the mining laws." 43 C.F.R. § 3711.1(b).

preme Court stated that the Secretary was correct in ruling that because of the immense quantities of identical stone in the area outside of Coleman's claims the stone should be considered a common variety. The Court emphasized the fact that the same stone was in common supply; it did not ask whether there might have been lower-priced building stone also available for the same use as quartzite. The Court concluded that by enacting section 611, Congress intended to remove these common varieties of stone and gravel from the coverage of the mining laws and to place their disposition under the Materials Act of 1947, 61 Stat. 681, 30 U.S.C. § 601, which provides for the sale of such materials without disposing of the land on which they are found. *See* 390 U.S. at 603–605. *See generally* McClarty v. Secretary of Interior, 408 F.2d 907 (9th Cir. 1969).

The Secretary properly invalidated appellants' placer mining claims. The common variety of building stone, on which these claims were based, is exactly what Congress had in mind when it eliminated "common varieties" from the coverage of the mining laws.

Affirmed.