**Alice A. BOYLE and Carrie H. Boyle, Plaintiffs-Appellees,**

v.

**Rogers C. B. MORTON, Secretary of the Department of the Interior of the United States of America, Defendant-Appellant.**

No. 72–2690.

United States Court of Appeals, Ninth Circuit.

July 2, 1975.
Rehearing Denied Aug. 29, 1975.

Certiorari Denied Dec. 15, 1975.
See 96 S.Ct. 566.

Jacques B. Gelin, Atty., Appellate Section, Dept. of Justice, Washington, D. C. (argued), for defendant-appellant.

Hale C. Tognoni, Phoenix, Ariz. (argued), for plaintiffs-appellees.

## OPINION

Before BROWNING and GOODWIN, Circuit Judges, and KING,* District Judge.

PER CURIAM:

The Secretary's decision, reported at 76 I.D. 318, must be sustained.

 The Secretary's finding that there had been no discovery of a valuable deposit of decomposed granite within the limits of appellees' claims prior to July 23, 1955, is supported by substantial evidence. Most of appellees' proof consisted of general unsupported claims of sales in unspecified amounts. Specifically identified sales totaled about $100 over an eight-year period. This was not enough to establish, as a matter of law, that the marketability test of *United States v. Coleman,* 390 U.S. 599, 88 S.Ct. 1327, 20 L.Ed.2d 170 (1968), was satisfied.

The record also supports the Secretary's finding that the red, gold, and pink decomposed granite found on appellees' claims was a "common variety" of stone and, by the terms of 30 U.S.C. § 611, therefore could not be the basis for a valid mining claim. The record shows that a large quantity of colored decorative decomposed granite similar to appellees' was available from other deposits in the same general marketing area. The Secretary therefore properly compared the price of appellees' decomposed granite only with the price of this similar decorative granite, and not with the price of all decomposed granite, in determining that appellees'

granite did not have a "distinct and special value." *Brubaker v. Morton,* 500 F.2d 200 (9th Cir. 1974).

Reversed and remanded for entry of summary judgment for appellant.