**Hugh WHALEY, Appellee,**

**v.**

**Patricia HARRIS, Secretary of Health, Education and Welfare, Appellant.**

**No. 79–4210.**

United States Court of Appeals,
Ninth Circuit.

April 6, 1981.

---

**182**

Dennis J. Mulshine, San Francisco, argued, Robert Varnum, Atty., Stuart E. Schiffer, Asst. Atty. Gen., Washington, D.C., on brief, for appellant.

Darci Reid, Fresno, Cal., for appellee.

Before HUG and TANG, Circuit Judges, and MURRAY *, Senior District Judge.

---

* The Honorable W. D. Murray, Senior United States District Judge for the District of Montana, sitting by designation.

WILLIAM D. MURRAY, Senior District Judge:

The Secretary of the Department of Health, Education and Welfare (Secretary) appeals the district court's order setting aside the Secretary's· decision to disallow Supplemental Security Income (SSI) benefits to the plaintiff, Hugh Whaley. The Secretary contends that Whaley was ineligible for SSI benefits because the additional veterans' benefits that he receives as a father with minor dependent children must be included as income available to him in computing his eligibility for SSI benefits. At issue on this appeal is the Secretary's interpretation of the term "income" as that term is used in 42 U.S.C. § 1382a of the Social Security Act and as defined in regulations adopted pursuant to that Act.

The Secretary determined that Whaley was ineligible for SSI benefits because of excess income. Whaley exhausted his administrative remedies and sought judicial review of the Secretary's decision. The district court, relying on a magistrate's recommendation, reversed the Secretary's decision without opinion. We hold that the Secretary's interpretation was reasonable and reverse the decision of the district court.

Whaley is a veteran receiving benefits under the Veterans' Act, 38 U.S.C. § 521, for a non-service disability, as well as SSI benefits because he is over sixty-five years old. At the time of the complaint, three of Whaley's children lived with him. Because of this, Whaley received more veterans' benefits than he would have received had he been living alone. In August, 1976, the Social Security Administration notified Whaley that he was no longer eligible for SSI benefits because his entire income, including the veterans' benefits, had been considered in computing his SSI eligibility.

The crux of Whaley's argument is that any additional veterans' benefits he received because the children were living with him should not be included as part of his

income for SSI purposes. Had Whaley lived alone he would have been eligible for $103.93 per month in veterans' benefits. The custody of the three dependent children entitled him to an additional $56.11 per month, making him ineligible for SSI benefits. Whaley argues that only the $103.93 should be counted as his income in determining SSI eligibility.

■ The Secretary's interpretation of the Social Security Act and regulations under that Act are entitled to deference if that interpretation is reasonable. *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–802, 13 L.Ed.2d 616 (1965). Although Whaley receives a greater veterans' benefit because of the children in his custody, it is nonetheless reasonable under the Social Security Act and regulations to count the entire veterans' pension as income.

In computing a recipient's eligibility for SSI benefits all income, earned and unearned, is taken into account. Under 42 U.S.C. § 1382a(a)(2)(B), unearned income specifically includes veterans' compensation and benefits.[1]

Pursuant to her rulemaking powers, 42 U.S.C. § 1383(d)(1) and 405(c), the Secretary has defined "income" to mean

> the receipt by an individual of any property or service which he can apply either directly or by sale or conversion to meeting his basic needs for food, clothing, and shelter. 20 C.F.R. § 416.1102.

Additionally, in considering the amount of unearned income a person is considered as receiving, "the amount *actually available* to the individual is considered." 20 C.F.R. § 416.1120 (emphasis added).

■ Considering the regulations together, money is considered to be received for purposes of determining SSI eligibility if the money is "actually available" to the recipient and he can apply it "directly or by sale or conversion to meeting his basic needs for food, clothing, and shelter." In light of the statute, and the regulations promulgated pursuant to the statute, it is clear that Whaley's contention that the extra benefit paid to him is actually his childrens' income must fail. The Secretary was reasonable in concluding that the entire benefit paid to Whaley was "actually available" to him. Two major reasons support that conclusion.

First, the Veterans' Administration sends the entire $160.04 pension to Whaley in one check, payable to him. Whaley is free to spend the money in any way he chooses, and may apply it directly to meet his "basic needs for food, clothing, and shelter." 20 C.F.R. § 416.1102. While it may be assumed that some of the money would be spent to meet the needs of the children, there is nothing compelling Whaley to do so. The children cannot cash the check nor can they claim any legal entitlement to any portion of it. The single check is "actually available" to Whaley within the meaning of 20 C.F.R. § 416.1120.

By contrast, we note that under the Social Security Act, children do have a legal entitlement to money sent by the Social Security Administration under certain circumstances to the children in separate checks. *See* 42 U.S.C. § 402(d). The magistrate's recommendation, which the court below adopted, was based on the erroneous belief that in such cases the benefits are paid in one check, rather than separately to the children as individuals.

Second, under the Veterans' Act, 38 U.S.C. § 521(c) "pensions shall be paid to the veteran," not to the child. Veterans' pensions can be paid directly to the children, but only under a separate section of the Act. 38 U.S.C. § 542. The circumstances under which a veteran's pension can be apportioned to the children under that section are inapplicable to this case. Fur-

---

1. 42 U.S.C. § 1382a(a)(2) reads as follows:
   [U]nearned income means all other income, including—...
   (B) any payments received as an annuity, pension, retirement, or disability benefit, including *veterans' compensation and pen-sions*, workmen's compensation payments, old-age, survivors, and disability insurance benefits, railroad retirement, annuities and pensions, and unemployment insurance benefits; ... (emphasis added).

thermore, Veterans' Administration regulations state that the veteran's pension is not apportionable when a child is in the veteran's custody. 38 C.F.R. § 3.450. In this case, Whaley's children were in his custody. Since there is a separate statutory provision for a separate children's pension, the Secretary's conclusion that the pension entitlement under 38 U.S.C. § 521 is solely the veteran's is reasonable.

Whaley relies primarily on the truism that veterans' benefits are increased because of the presence of dependent children to support his argument that the pension money should be counted as belonging to the children. The point, however, is who is entitled to the money. Under the statutes and regulations discussed above, Whaley is entitled to the pension benefits.

Because we find that the Secretary's interpretation of her own statutes and regulations was reasonable, we give great deference to that interpretation. *Udall v. Tallman*, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Brubaker v. Morton*, 500 F.2d 200 (9th Cir. 1974). As between the veteran and the child, it was reasonable for the Secretary to conclude that the income from the additional benefits was "actually available" to the veteran.

Accordingly, the judgment of the district court is reversed.

HUG, Circuit Judge, dissenting:

I dissent. The clear intent of the Veterans Act and the regulations was to make the monthly payment for dependents available for the purpose of supporting the veterans' dependents—in this case, $51.11 for Mr. Whaley's children. It is undisputed that he spent these funds for the benefit of these dependent children in faithful performance of the clear purpose for which the money was sent to him.

The interpretation of the Veterans Administration regulations by the Secretary of HEW is not entitled to deference. To interpret those regulations, under which the veteran received the $51.11 payment for the benefit of his dependent children, so as to disqualify the veteran from receiving the

SSI payment of $30.17 to which he would otherwise be entitled as an individual, is to say, in effect, that he is expected to use $30.17 of the $51.11 provided for his dependents, for his own support to bring him up to the minimum level contemplated by the SSI program. This interpretation also results in the veteran losing substantial medical benefits, which compounds the problem for the veteran.

This overly legalistic interpretation of the statutes and regulations in question so clearly violates their purpose, and operates so unfairly and non-sensically that it should not be sustained. I would affirm the judgment of the district court.