952 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sherman C. SMITH, Defendant-Appellant.
 No. 90-30339.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 20, 1991.
Decided Dec. 17, 1991.
 
 Before TANG, REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government charged Smith with "[r]emoving [a] natural feature or other property of the United States," in violation of 36 C.F.R. § 261.9(b), which applies to Forest Service lands. 36 C.F.R. § 261.1(a).[1] The magistrate found he had done so beyond a reasonable doubt. The district court agreed, and we affirm.
 
 
 3
 The government bears the burden in a criminal case of proving "every fact necessary to constitute the crime with which he is charged" beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970). For this offense, there are at least two elements: (1) removing (2) a natural feature or other property of the United States.[2] Smith admits the first element, and also agrees that the land from which he removed the rock belonged to the Forest Service. His contention is that the government failed to prove that the rock was "property of the United States."
 
 
 4
 Valuable minerals extracted from federal land pursuant to a valid mining claim (even if the claim is unpatented) become the personal property of the miner who extracted the minerals "the moment this ore becomes detached from the soil in which it is embedded.... [The minerals are] then free from any lien, claim, or title of the United States...." Forbes v. Gracey, 94 U.S. 762, 765-66 (1877). Common variety rock without distinct or special value, by contrast, is not a valuable mineral by definition and cannot support a locatable mining claim. 30 U.S.C. § 611; United States v. Coleman, 390 U.S. 599, 605 (1968); see Davis v. Nelson, 329 F.2d 840, 845 (9th Cir.1964) ("a discovery of valuable mineral is the sine qua non of an entry to initiate vested rights against the United States"). Section 611 "was intended to remove common types of ... stone from the coverage of the mining laws ... and to place the disposition of such materials under the Materials Act of 1947, 61 Stat. 681, 30 U.S.C. § 601 et seq., which provides for the sale of such materials without disposing of the land on which they are found." Coleman, 390 U.S. at 604. Common variety rock, therefore, remains the property of the United States even after its severance from the land.
 
 
 5
 The magistrate found that the rock Smith took was of common variety. Memorandum Opinion at 2 ("these rock materials are common"), 4 ("I cannot agree with Smith that the subject rock had some distinct or special value apart from other rock commonly found on Kenai Peninsula"). We cannot say that finding was clearly erroneous. Frederick Prange, Deirdre St. Louis and Donna Kerrigan all testified, in varying degrees of detail, to the common nature of the rock in question. Most significantly, the Interior Board of Land Appeals, in a civil case regarding the same area at issue here, made detailed findings to establish the fact that the relevant rock had no "unique property" giving it "distinct and special value" and was therefore of common variety. United States v. Smith, 66 IBLA 182, 184 (1982) (citing McClarty v. Secretary of the Interior, 408 F.2d 907, 908-09 (9th Cir.1969)).[3] The IBLA decision was admitted into evidence and the magistrate credited it. See Memorandum Opinion at 11-12. Smith vehemently contested this evidence and offered his own as to why the rock was distinct, but as the district court's decision on appeal noted, when the evidence is conflicting a reviewing court views it in the light most favorable to the prevailing party in the trial court. United States v. Lewis, 833 F.2d 1380, 1382 (9th Cir.1987). So viewed, there was no clear error warranting reversal in concluding the rock was common. Nor was there a manifest miscarriage of justice or plain error in convicting Smith on this evidence, see United States v. Patton, 771 F.2d 1240, 1243 (9th Cir.1985) (employing such deferential review when defendant presents his own evidence and fails to renew motion for acquittal), because viewing the evidence in the light most favorable to the government, as we must on appeal, see Jackson v. Virginia, 443 U.S. 307, 319 (1979), there was sufficient evidence for the trier of fact to have found the essential elements of the crime beyond a reasonable doubt.
 
 
 6
 Common variety rock could only be removed from federal land in accordance with 36 C.F.R. § 228 Subpart C (regulations promulgated pursuant to Materials Act of 1947, requiring contract or permit to remove mineral materials). There is no dispute that Smith failed to follow these procedures, and that "[t]he removal of mineral materials from National Forest lands, except when authorized in accordance with applicable law and regulations of the Department of Agriculture, is prohibited (36 CFR 261.9)." 36 C.F.R. § 228.47.[4]
 
 
 7
 The cases Smith cites involving other local miners who have apparently won acquittals do not aid his appeal. The only published decision among them, United States v. Smith, 866 F.2d 1092 (9th Cir.1989), involved an affirmative defense based on the Paperwork Reduction Act. Smith raised no such defense.
 
 
 8
 To the extent Smith argues that various Forest Service regulations or federal statutes are unwise, such criticism is properly directed not to the judiciary, but to the coordinate branches of government, the legislative and executive branches. Similarly, this court is not empowered to initiate a grand jury investigation of petty criminal complaints in Alaska, which only the executive branch may do.
 
 
 9
 Smith's conviction is AFFIRMED.
 
 REINHARDT, Judge, dissenting:
 
 10
 Although the regulations regarding the offense for which Sherman Smith was convicted are somewhat convoluted, there was really only one key issue in the case--whether the rock he took was common or valuable. If the rock was common, Smith is guilty; if valuable, he goes free. Smith's conviction is constitutional only if the magistrate judge found that the rock was common beyond a reasonable doubt. See In re Winship, 397 U.S. 358 (1970). Because, after reviewing the record in this case, I believe that he failed to apply the appropriate standard, I dissent.
 
 
 11
 The magistrate judge's memorandum decision strongly suggests that he unconstitutionally placed the burden on Smith to prove that the rock was valuable. For example, the magistrate judge states that "Smith has not convinced this court that his rights under any mining claim entitled him to remove the rock from a non-patented claim without permission of the United States." Memorandum Opinion at 10; see also id. at 4 ("I cannot agree with Smith that the subject rock had some distinct or special value apart from other rock commonly found on Kenai Peninsula."). These statements appear to contradict the majority's assertion that the magistrate judge found the rock to be common beyond a reasonable doubt.
 
 
 12
 It is true that the magistrate judge's opinion contains several general statements to the effect that the government had proved its case beyond a reasonable doubt. See id. at 13 (stating that Smith "has failed to raise a reasonable doubt as to the ownership of the rock in question"); id. at 15 (concluding that "the government has proved beyond a reasonable doubt that Sherman Smith did on September 16, 1989, remove property of the United States"). But Smith is entitled to have each individual element proved beyond a reasonable doubt. Here, the magistrate judge's memorandum demonstrates considerable confusion regarding the constituents of ownership, see, e.g., id. at 2, 11 (confusing ownership of the mineral with ownership of the land), and contains specific statements regarding the element of "commonness" which suggest that an insufficient burden was imposed on the government. Under such circumstances, we cannot take general and conclusory statements as a substitute for an explicit finding that the rock was common beyond a reasonable doubt.[1]
 
 
 13
 If we are not certain that every element of Smith's offense was proved beyond a reasonable doubt, we must reverse. See Sandstrom v. Montana, 442 U.S. 510, 526 (1979) ("But, more significantly, even if a jury could have ignored the presumption and found defendant guilty because he acted knowingly, we cannot be certain that this is what they did do." (emphasis in original)). In this case, it is far from clear what standard the magistrate judge applied to the critical finding. My reading of his disposition persuades me that he did not find the element of "commonness" beyond a reasonable doubt. For this reason, it is simply irrelevant whether or not such a finding would have been clearly erroneous; the correct standard was not applied, and the defendant is entitled to a new trial. Accordingly, I dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The regulation in question does not "preclude activities as authorized by ... the U.S. Mining Laws Act of 1872 as amended." 36 C.F.R. § 261.1(b)
 
 
 [2]
 There may be a third, unstated but necessary, element as well: criminal intent. See Morissette v. United States, 342 U.S. 246, 263 (1952) (holding "mere omission ... of any mention of intent [in a criminal statute] will not be construed as eliminating that element from the crimes denounced.") We need not decide that unbriefed issue in this case because even if intent were a necessary element of this crime, the magistrate found that Smith acted with intent. See Memorandum Opinion at 6, 11-12
 
 
 [3]
 The central location of the rock on the Kenai Peninsula and its easy access to a highway may make the rock on this claim more valuable than most, but those are not properties of the mineral deposit itself; "unique properties which give a deposit a distinct and special value must be inherent in the deposit and not extrinsic factors." 66 IBLA at 188 (citing United States v. Heden, 19 IBLA 326 (1975)); see 30 U.S.C. § 611 (creating exception for cases when "the deposit has some property giving it distinct and special value" (emphasis added)). Where something is situated is not a property of the thing itself
 
 
 [4]
 To the extent Smith argues that these or other regulations exceed statutory authority, he is incorrect. See, e.g., 30 U.S.C. § 601 (authorizing promulgation of rules and regulations prescribing disposal of mineral materials); 16 U.S.C. § 551 (authorizing promulgation of "provisions for the protection against ... depredations upon the public forests and national forests," punishable by fines or imprisonment or both)
 
 
 [1]
 The ambiguities implicit in the general statements are clear from a close reading of the magistrate judge's decision. Consider the statement that Smith "has failed to raise a reasonable doubt as to the ownership of the rock in question." Memorandum Opinion at 13. This might suggest that the magistrate judge found that the rock was common beyond a reasonable doubt, because "commonness" is the necessary predicate to continued ownership by the United States after the rock was severed from the land by Smith. But, the magistrate judge had earlier stated that "[t]he rock did not become personal property subject to ownership by its possessor merely by its detachment or removal from the earth. A miner may not acquire ownership simply by taking the surface material." Id. at 11. This erroneous statement of the applicable law would make the quality of the rock irrelevant to ownership and would have allowed the magistrate judge to find ownership by the United States beyond a reasonable doubt without making any finding regarding the quality of the rock