**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| J. DENNIS STACEY; PELHAM L. JACKSON, | No. 15-35353 |
| Plaintiffs-Appellants, | D.C. No. 3:13-cv-00113-RRB |
| v. | MEMORANDUM[*] |
| RYAN ZINKE, in his official capacity as Secretary of the United States Department of Interior; BUREAU OF LAND MANAGEMENT, an agency of the United States Department of Interior; INTERIOR DEPARTMENT BOARD OF LAND APPEALS, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted May 9, 2017
Seattle, Washington

Before: McKEOWN, BEA, and N.R. SMITH, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellants appeal the district court's decision affirming the decision of the Interior Board of Land Appeals ("IBLA"). The IBLA held that a variety of stone known as "PR 16 graywacke" or "Spencer Stone" was not a locatable mineral. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's decision.

We review decisions of the IBLA with a "limited standard of review." *See Hjelvik v. Babbitt*, 198 F.3d 1072, 1074 (9th Cir. 1999) (quoting *Baker v. United States*, 613 F.2d 224, 226 (9th Cir. 1980)). "We review the case from the same position as the district court and will reverse the IBLA's decision only if that decision is arbitrary, capricious, not supported by substantial evidence, or contrary to law." *Id.* "To determine whether the IBLA's decision is supported by substantial evidence, we carefully search the entire record to determine whether it contains 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' and whether it demonstrates that the 'decision was based on a consideration of the relevant factors.'" *Id.* (citations omitted).

1.      The IBLA's conclusion that the Bureau of Land Management ("BLM") established a prima facie case was not arbitrary and capricious, was not contrary to law, and was supported by substantial evidence. The BLM "bears the initial burden of presenting a prima facie case that [Appellants' mining] claim is invalid."

2

*Rodgers v. Watt*, 726 F.2d 1376, 1380 (9th Cir. 1984). The BLM's "prima facie

case may be made by a showing that the mineral material is . . . stone, . . . that its

value is comparable to similar mineral material sold for a common variety use, and

that it has been unable to identify any use for the mineral material commanding a

higher price." *See United States v. Multiple Use, Inc.*, 120 IBLA 63, 65 (1991).[1]

The record supports the IBLA's conclusion that the BLM established a prima facie

case. First, the parties agree that PR 16 graywacke is a stone. Second, PR 16

graywacke is comparable to similar mineral materials such as graywacke, basalt,

and gneiss, sold for a common variety use such as armor stone.[2] Third, the

---

[1] Appellants argue that the BLM failed to establish a prima facie case, because it did not address all the factors from *McClarty v. Secretary of Interior*, 408 F.2d 907 (9th Cir. 1969). Although *Multiple Use*'s three-part test for establishing a prima facie case has some overlap with the *McClarty* factors, no case suggests that the *McClarty* factors apply to the government's presentation of its prima facie case. *See Multiple Use*, 120 IBLA at 65; *see also* 43 C.F.R. § 3830.12(b).

[2] Appellants argue that the government's expert admitted he made an error in comparing PR 16 graywacke to armor stone. Thus, the government could not establish a prima facie case. Reviewing the record as a whole, *Hjelvik*, 198 F.3d at 1074, the expert's testimony was not an admission of error in the comparison analysis, but instead a clarification of his analysis. Further, our review is limited to the IBLA's conclusions. Here, the IBLA concluded that, in order to determine whether PR 16 graywacke contained special and distinct properties, it should be compared to other deposits of armor stone (one of its primary uses). The expert's mineral report never suggests that armor stone is an uncommon variety stone; nor does it suggest (even with the clarification) that the PR 16 graywacke should be compared to something other than armor stone.

3

identified uses for PR 16 graywacke, such as armor stone, riprap, or filter stone, do not command a higher price than other similar mineral materials used as armor stone, riprap, or filter stone.

2.     The IBLA's comparison of PR 16 graywacke to armor stone was not arbitrary and capricious, was not contrary to law, and was supported by substantial evidence.  Appellants argue that PR 16 graywacke should be compared to common variety stones, rather than to other armor stone, to determine whether it has special and distinct properties.  The IBLA's decision to compare PR 16 graywacke to its common variety use (armor stone) is consistent with Ninth Circuit law.  For example, in *Brubaker v. Morton*, we held that the comparison of mineral deposits of colored stone used for decorative roofing material with other deposits of colored stone (instead of gray stone) was proper, because the colored stones were in "common supply."  500 F.2d 200, 202-03 (9th Cir. 1974); *see also Boyle v. Morton*, 519 F.2d 551, 552 (9th Cir. 1975) (per curiam) (comparing the "price of . . . decomposed granite only with the price of this similar decorative granite," rather than the price of all decomposed granite).  The IBLA's decision was also not contrary to its previous holdings.  For example, in *United States v. Kaycee Bentonite Corp.*, the bentonite clay deposit at issue possessed qualities that were not common, and its use was exceptional and almost exclusive.  64 IBLA 183,

4

192-94 (1982). Here, unlike *Kaycee Bentonite*, the record does not support a finding that PR 16 graywacke is uncommon; that it has uncommon uses; or that it has qualities substantially different from other deposits of minerals used as armor stone. *See id.*; *see also Multiple Use*, 120 IBLA at 63, 77-79.

3.      The IBLA's conclusion that Appellants failed to establish on rebuttal that PR 16 graywacke was an uncommon variety mineral was not arbitrary and capricious, was not contrary to law, and was supported by substantial evidence. Because the BLM established a prima facie case, the burden shifted to Appellants "to show by a preponderance of the evidence" that PR 16 graywacke was a "valuable mineral deposit." *See Rodgers*, 726 F.2d at 1380. To establish that PR 16 graywacke is an "uncommon variet[y] of building stone," Appellants had to present evidence that

5

the stone was locatable under the five-part test identified in *McClarty*.[3] *See*

*McClarty*, 408 F.2d at 908; *see also* 43 C.F.R. § 3830.12(b) (codifying the

*McClarty* factors).  As noted above, Appellants failed to establish that PR 16

graywacke should not be compared to armor stone.  Further, Appellants failed to

establish that, even with the assumed unique properties,  PR 16 graywacke has a

"distinct and special value," which "commands" a "higher price" "in the market

place."  43 C.F.R. § 3830.12(b)(2)-(b)(5).  A review of the record shows that, of

the two bids awarded to Appellants, neither bid established that Appellants were

receiving a "premium" for PR 16 graywacke.  Rather, the record shows that PR 16

graywacke sold at or below the average price of armor stone.

---

[3] To "determine whether mineral materials have a distinct and special value," the IBLA must

> (1) Compar[e] the mineral deposit in question with other deposits of such minerals generally; (2) Determin[e] whether the mineral deposit in question has a unique physical property; (3) Determin[e] whether the unique property gives the deposit a distinct and special value; (4) Determin[e] whether, if the special value is for uses to which ordinary varieties of the mineral are put, the deposit has some distinct and special value for such use; and (5) Determin[e] whether the distinct and special value is reflected by the higher price that the material commands in the market place.

43 C.F.R. § 3830.12(b).

4.      The IBLA's decision to apply the BLM's 2003 rule, 43 C.F.R. § 3830.12(b), rather than the 1962 rule, 43 C.F.R. § 3711.1(b) (2002), was not contrary to law or arbitrary and capricious. *See Hjelvik*, 198 F.3d at 1074. The 2003 rule was in effect prior to both the Administrative Law Judge's and IBLA's decisions. Therefore, it was properly applied to these proceedings. *See Bradley v. Sch. Bd. of Richmond*, 416 U.S. 696, 711 (1974). Further, the 2003 rule was merely a codification of the standard the IBLA had been using to determine whether a mineral was locatable. *See McClarty*, 408 F.2d at 908. Thus, even if the new rule were inappropriately applied, it did not result in a manifest injustice in its application, because it did not alter the legal standard that Stacey had to establish.[4]

**AFFIRMED.**

---

[4] Appellants challenge the validity of the 2003 rule. We reject this argument, because it was not brought within six years of the rule's issuance. *See* 28 U.S.C. § 2401(a). The challenges made do not meet the exception to the statute of limitations, because Appellants challenge procedural irregularities in the regulation's adoption, rather than asserting that the agency exceeded its constitutional or statutory authority. *See Wind River Mining Corp. v. United States*, 946 F.2d 710, 715 (9th Cir. 1991).