**Robert Claude BECKETT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20272.**

United States Court of Appeals
Ninth Circuit.

May 19, 1967.

David K. Yamakawa, Jr., San Francisco, Cal. for appellant.

Edwin L. Miller, Jr., U. S. Atty., Shelby R. Gott, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before POPE, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM.

The defendant Beckett appeals from a judgment of conviction on two counts of an indictment by which he was charged as the accomplice (18 U.S.C. § 2) of one Mathis in the unlawful sale and transportation of heroin (21 U.S.C. § 174). The ground of his appeal is that the evidence was insufficient to sustain a conviction.

After the government had rested, defendant moved for a judgment of acquittal. The court denied the motion. Defendant then introduced evidence. However, he did not renew his motion for acquittal at the conclusion of all the evidence, as required by Rule 29 (a). His failure to do so operates to waive the benefit of the motion. This court, however, may and frequently does review the sufficiency of the evidence to prevent a manifest miscarriage of justice. Robbins v. United States, 345 F.2d 930 (9th Cir. 1965).

Defendant's sole point is that there was no proof of one of the essential elements common to the crimes charged against him, namely, his knowledge that the heroin was illegally imported into the United States. We agree.

The government's evidence shows at most that Beckett introduced a Federal Bureau of Narcotics Agent to a peddler who three days later sold and delivered the agent heroin. There is no proof whatever that Beckett took any other part in the transaction or knew from whence the narcotic came.

Nor does the evidence in this record permit the operation of the statutory presumption of knowledge which arises from proof of possession, actual or constructive. The evidence shows nothing

beyond the fact that Beckett was (to use the language of the Second Circuit in United States v. Jones, 308 F.2d 26, 30 (1962)) "a casual facilitator of a sale, who knows a given principal possesses and trades in narcotics but who lacks the working relationship with that principal that enables an assurance of delivery * * *." Only recently this court in Hill v. United States, 379 F.2d 811, May 5, 1967, a case factually similar to this one, quoted with approval the statement of the Second Circuit appearing in United States v. Jones, supra. that such a "casual facilitator * * * may not be held to have dominion and control over the drug delivered and cannot be said to have possession of it."

The judgment is reversed and the indictment is ordered dismissed.