**UNITED STATES of America, Plaintiff/Appellee,**

v.

**James Eber PATTON, Defendant/Appellant.**

**No. 84–5239.**

United States Court of Appeals, Ninth Circuit.

Submitted * June 5, 1985.

Decided Sept. 16, 1985.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a) and 9th Cir.R. 3(f) because the arguments are adequately presented by the briefs.

Kathryn D. Freeman, San Diego, Cal., for plaintiff/appellee.

John S. Moot, San Diego, Cal., for defendant/appellant.

Before SCHROEDER, ALARCON, and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

James Patton appeals his conviction for destruction of a public sign, in violation of 43 U.S.C. § 1733 (1982), and 43 C.F.R. §§ 8362.2–2(a) and 8363.5 (1982). He contends that: (1) the trial court failed to properly instruct the jury that it must find, as an essential element of the crime, that the sign belonged to the United States government; and (2) insufficient evidence supports the finding that the sign was public property owned by the government.

**1242**

## FACTS

Patton, while camping on public lands, was approached by Bureau of Land Management (BLM) agent Mason. When Patton told Mason that he intended to camp in the area for about five months, Mason told him that such extended camping was against BLM regulations. One month later, when Patton had not left his site, Mason posted a sign on an access road one-quarter to one-half mile from Patton's campsite, giving notice of a 14-day camping limit which was soon to go into effect. The sign was handwritten, on the reverse side of a cardboard sign printed by the United States Government Printing Office, and prominently marked with a BLM seal. Patton viewed the sign as personal harassment, removed the sign and defaced it.

Patton was subsequently convicted of destroying a public sign on public land in violation of 43 U.S.C. § 1733 and 43 C.F.R. §§ 8363.2-2(a) and 8363.5.[1] The district court sentenced him to one year probation and imposed a fine of $100. Patton filed a timely notice of appeal.

## ANALYSIS

### I

### Jury Instructions

43 U.S.C. § 1733(a) gives the Secretary of the Interior the authority to issue regulations to manage and protect public lands and property, and permits imposition of criminal penalties for violations of the regulations.[2] Pursuant to this authority, the Secretary promulgated 43 C.F.R. § 8363.2-2(a), which makes it unlawful, in the use of public recreation lands, to "intentionally or wantonly destroy, deface, injure, sign, remove, or disturb any public building, sign, equipment, marker, or other public property."

Patton contends that the trial court erred in failing to instruct the jury that to prove he violated this section the government must show significant possessory interests in the sign he destroyed.[3] Because Patton admittedly failed to raise this objection at trial, he did not preserve the issue on appeal.[4] *See* Fed.R.Evid. 103(a)(1). Therefore, this court will review the jury instructions only for plain error. *See United States v. Pazsint,* 703 F.2d 420, 424 (9th Cir.1983); Fed.R.Crim.P. 52(b).

Because no cases define "public property" within the meaning of 43 C.F.R. § 8363.2-2(a), Patton analogizes to cases governing the destruction of government property in violation of 18 U.S.C. §§ 641 and 1361. In line with the case law interpreting these statutes, he claims that the jury instructions should have included a requirement that the government prove it had title to, possession of, or control over

---

1. The 1982 regulations were in effect at the time of the alleged violation. The regulations have since been updated, although they remain substantially the same. *See* 43 C.F.R. § 9268.-3(c)(1)(ii) (1984).

2. In relevant part, 43 U.S.C. § 1733(a) states:

   The Secretary shall issue regulations necessary to implement the provisions of this Act [Federal Land Policy and Management Act of 1976] with respect to the management, use, and protection of the public lands, including the property located thereon. Any person who knowingly and willfully violates any such regulation which is lawfully issued pursuant to this Act shall be fined no more than $1,000 or imprisoned no more than twelve months, or both.

3. Patton also contends the instructions were inadequate because the jury was not explicitly told that they had to resolve the issue whether the sign was public property. The contention lacks merit. The trial judge gave specific instructions on the essential elements of the offense, that the government had to prove each element, and then defined a public sign for the jury. Viewed as a whole, the instructions were more than adequate to convey to the jury the need to resolve whether the sign was a "public sign." *See United States v. Kennedy,* 564 F.2d 1329, 1338 (9th Cir.1977), *cert. denied,* 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978).

4. Patton argues that this court must consider the issue on the ground that subject matter jurisdiction rests on whether or not the sign belonged to the government. This contention lacks merit; jurisdiction is governed independently by the fact that the offense was committed on public lands. Under the Act, any person charged with a violation of the regulations may be tried and sentenced by a United States magistrate. *See* 43 U.S.C. § 1733(a).

the sign. *See United States v. Long,* 706 F.2d 1044, 1048–49 (9th Cir.1983).[5] This contention lacks merit.

■ The trial judge has substantial latitude in fashioning jury instructions, *United States v. Chen,* 754 F.2d 817, 825 (9th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 2684, 86 L.Ed.2d 701 (1985); *United States v. James,* 576 F.2d 223, 226–27 (9th Cir.1978), so long as the charge as a whole fairly and adequately covers the issues presented. *United States v. Kennedy,* 564 F.2d 1329, 1338 (9th Cir.1977), *cert. denied,* 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978). Here the judge instructed that a "public sign … is a sign rightfully placed by a public entity in a public location and designed to communicate information to the public." The instruction is consistent with the plain meaning of section 8363.2–2(a), and with 43 U.S.C. § 1733(a), its implementing statute. *See INS v. Phinpathya,* 464 U.S. 183, 104 S.Ct. 584, 589, 78 L.Ed.2d 401 (1984) (statutory construction must focus on the ordinary meaning of the words used). Strict adherence to the wording of the statute is of particular importance in construing a statute regulating public lands, over which Congress has unlimited authority. *See Kidd v. United States Department of Interior,* 756 F.2d 1410, 1411–12 (9th Cir.1985); U.S. Const. art. IV, § 3, cl. 2. Therefore, the court's charge to the jury fairly and adequately defined the term "public sign."

Moreover, the trial court's definition and interpretation of "public sign" was reasonable. There is no indication from the wording of the statute and regulation that public property should be defined in the restrictive possessory terms urged by Patton, rather than in terms of its public function. It was not plain error for the court, *sua sponte,* to instruct otherwise.

## II

### Sufficiency of the Evidence

■■ If a defendant moves for acquittal at the close of the government's evi-

dence, and then presents his own evidence but does not renew the motion for acquittal, he waives the benefit of the motion. *United States v. Ochoa-Torres,* 626 F.2d 689, 691 (9th Cir.1980); *Beckett v. United States,* 379 F.2d 863, 864 (9th Cir.1967) (per curiam). This court will review the sufficiency of the evidence despite an unrenewed motion for acquittal, however, to prevent a manifest miscarriage of justice or for plain error. *Ochoa-Torres,* 626 F.2d at 691; *United States v. Larson,* 507 F.2d 385, 387 (9th Cir.1974) (per curiam).

In reviewing the sufficiency of the evidence, this court views the evidence in the light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Fierros,* 692 F.2d 1291, 1295–96 (9th Cir.1982), *cert. denied,* 462 U.S. 1120, 103 S.Ct. 3090, 77 L.Ed.2d 1350 (1983). If any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, the judgment must be affirmed. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Fleishman,* 684 F.2d 1329, 1340 (9th Cir.), *cert. denied,* 459 U.S. 1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982).

■ Patton admittedly removed the sign and defaced it, and thus argues only that insufficient evidence supports the finding that the sign was public property, an essential element of the offense with which he was charged. He relies on his unsupported contention that the term "public property" requires the government to have a possessory interest in a "thing of value."

The evidence showed that the sign was in fact public property within the plain meaning of the statute and regulation. The sign was posted by a BLM employee, on government land, on an access road leading to a camping area, and for the purpose of informing the public of the 14-day camping

---

5. Given the makeshift nature of the sign, Patton contends that the government could not have

met these requirements.

limit. Therefore, a reasonable jury could have found Patton guilty, beyond a reasonable doubt, of destroying public property.

CONCLUSION

The conviction is AFFIRMED.