UNITED STATES of America, Plaintiff–Appellee,

v.

John Richard COMERFORD, Defendant–Appellant.

No. 87–1330.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 1988 *.

Decided Sept. 21, 1988.

Lorraine J. Mansfield, Las Vegas, Nev., for defendant-appellant.

L.J. O'Neale, Sp. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before WALLACE, TANG and NELSON, Circuit Judges.

PER CURIAM:

John Richard Comerford ("Appellant") was charged with two counts of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(f) (1982), one count of assault by striking or beating in violation of 18 U.S.C. § 113(d) (1982) and one count of making a false statement in violation of 18 U.S.C. § 1001 (1982). The government voluntarily dismissed Count IV. After the close of the government's case in chief, appellant moved for a judgment of acquittal on Counts I and II, requesting that those counts be submitted to the jury only as violations of 18 U.S.C. § 113(d). Appellant also sought to introduce evidence that the victim named in Count I, Darrel Adams, had been arrested for striking his wife, Cathryn Adams, the victim named in Count II. The district court determined that the evidence should be excluded. After a jury trial, appellant

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

was found guilty of two counts of assault by striking or beating in violation of 18 U.S.C. § 113(d).

Appellant alleges on appeal that the district court erred in denying his motion for judgment of acquittal. He claims that there was insufficient evidence for the jury to consider a charge of serious bodily injury under 18 U.S.C. § 113(f). Appellant also alleges that the district court abused its discretion by not admitting evidence of a subsequent battery committed by the victim Darrel Adams.

■ Because appellant failed to renew his motion for judgment of acquittal at the close of his case, he effectively waived his objection to the sufficiency of the government's evidence. *United States v. Patton,* 771 F.2d 1240, 1243 (9th Cir.1985); *United States v. Ochoa–Torres,* 626 F.2d 689, 691 (9th Cir.1980). In this circuit, however, we may review the denial of a nonrenewed motion for acquittal, but only "to prevent a manifest miscarriage of justice" or for plain error. *Ochoa–Torres,* 626 F.2d at 691; *United States v. Larson,* 507 F.2d 385, 387 (9th Cir.1974) (per curiam); *United States v. Croxton,* 482 F.2d 231, 233–34 (9th Cir.1973) (nonrenewed motion for directed verdict); *United States v. Lewis,* 426 F.2d 266, 267 (9th Cir.1970) (per curiam); *Beckett v. United States,* 379 F.2d 863, 864 (9th Cir.1967) (per curiam); *but see United States v. Patton,* 771 F.2d 1240, 1243 (9th Cir.1985) (erroneously failing to apply "plain error" standard of review). Because we believe there was no plain error here, we affirm the district court's denial of Comerford's motion for acquittal.

■ A district court's evidentiary decisions under either Fed.R.Evid. 403 or 404(b) are reviewed for an abuse of discretion. *United States v. Vaccaro,* 816 F.2d 443, 452 (9th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 295, 87 L.Ed.2d 255 (1987). The district court did not abuse its discretion by refusing to admit evidence of a subsequent battery committed by Darrel Adams against Cathryn Adams. The district court's conclusion that the prejudicial harm outweighed the probative value of the evidence was well within the court's discretion. *See United States v. Feldman,* 788 F.2d 544, 557 (9th Cir.1986), *cert. denied,* 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987).

Therefore, we AFFIRM.