945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael RAMIREZ, Defendant-Appellant.
 No. 91-50031.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 8, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Ramirez appeals his conviction following a bench trial for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. Ramirez contends that there was insufficient evidence to convict him because the government failed to prove the elements of conspiracy beyond a reasonable doubt. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 Ramirez has waived his right to contest the sufficiency of the evidence presented at trial because he did not renew his motion for acquittal at trial. See United States v. Comerford, 857 F.2d 1323, 1324 (9th Cir.1988).[1] Therefore, we review the sufficiency of the evidence only "to prevent a manifest miscarriage of justice" or for "plain error." Id. We conclude that there was no manifest miscarriage of justice or plain error in this case.
 
 
 4
 The elements of conspiracy are: (1) an agreement to accomplish an illegal objective, (2) coupled with one or more acts in furtherance of the illegal purpose, and (3) the requisite intent necessary to commit the underlying substantive offense. United States v. Rubio-Villareal, 927 F.2d 1495, 1499 (9th Cir.1991); United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987). The existence of a conspiracy may be proven by circumstantial evidence that the defendants acted together for a common illegal goal. Id. The agreement among the defendants may be inferred from the facts and circumstances of the case. United States v. Indelicato, 800 F.2d 1482, 1483 (9th Cir.1986). Once a conspiracy exists, evidence establishing beyond a reasonable doubt a defendant's connection with the conspiracy, even though the connection is slight, is sufficient to convict a defendant of knowing participation in the conspiracy. Penagos, 823 F.2d at 348. Although mere proximity to the scene of illicit activity is insufficient to establish a defendant's involvement in the conspiracy, the defendant's presence may support such an inference when viewed in context with other evidence. Id.
 
 
 5
 At trial, Ramirez's taped statements were presented as proof of his intent and knowing participation in the conspiracy to possess cocaine with intent to distribute. During a taped phone conversation on November 30, 1989, Ramirez stated that he wanted to purchase cocaine from Agent Nava and that he worked with some "businessmen" who were interested in purchasing large quantities of cocaine. On December 8, 1989, Ramirez met with Agent Nava in a motel in El Centro, California. At that meeting, Ramirez was videotaped as he examined the cocaine. The videotape showed Ramirez rubbing a small quantity of cocaine in his palm, apparently to test its purity. Agent Nava testified that Ramirez told Nava that certain individuals had instructed him to examine the cocaine. At this meeting, Ramirez indicated that he would return with the money to purchase the cocaine at the next meeting. Agent Nava and Ramirez discussed a price of $11,000.00 per Kilogram for the cocaine.
 
 
 6
 The government introduced evidence of several further phone calls between Agent Nava and Ramirez in which Ramirez referred to his associates, and arranged to purchase the cocaine. Evidence was presented showing that Ramirez and his co-defendants met with Agent Nava on February 12, 1990. On this date, Ramirez told Agent Nava that his co-defendants were the people who sent him to El Centro to examine the cocaine. Ramirez and his co-defendants were found to be in possession of $200,000., hidden in the trunk of a car.
 
 
 7
 The district court did not err in finding that the elements of conspiracy were satisfied. The first element was met because we can infer an agreement to accomplish an illegal objective from the facts and circumstances of this case. See Indelicato, 800 F.2d at 1483. The second element of conspiracy, one or more acts in furtherance, was satisfied by the evidence showing that Ramirez examined the cocaine for its purity, along with the evidence that Ramirez and his co-defendants met with Agent Nava to consummate the arranged sale. See Penagos, 823 F.2d at 348. This evidence was also sufficient to show that Ramirez and his co-defendants had the requisite intent to commit the underlying offense. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the conclusion of the case Ramirez's counsel stated that "the defense would rest and I guess there's no need to renew my Rule 29 motion in this case." Therefore, Ramirez waived his right to object to the sufficiency of the evidence. See Comerford, 857 F.2d at 1324. Even if there was no waiver, however, the government presented sufficient evidence to convict Ramirez of conspiring to possess cocaine with intent to distribute
 In reviewing an objection to the sufficiency of the evidence, this court views the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). All reasonable inferences must be drawn in favor of the government, and circumstantial evidence is sufficient to sustain a conviction. United States v. Harris, 792 F.2d 866, 868 (9th Cir.1986). We conclude that our result in this case would be the same under the more stringent test articulated in Jackson. See Jackson, 443 U.S. at 319; see also Harris, 792 F.2d at 868.