946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry B. YOUNG, Defendant-Appellant.
 No. 90-30209.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 10, 1991.*
Decided Oct. 16, 1991.
 
 Before WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Young appeals his conviction on one count of conspiracy to distribute cocaine and cocaine base, 21 U.S.C. § 846, three counts of distribution of cocaine and cocaine base, 21 U.S.C. § 841, and two counts of possession of cocaine and cocaine base with intent to distribute, 21 U.S.C. § 841. He argues that his conviction on count four should be reversed because there was insufficient evidence to connect him with distribution of cocaine by a co-defendant, and that the district court erroneously denied his motion for a mistrial after the prosecutor commented upon Young's exercise of his fifth amendment privilege against self-incrimination. We affirm.
 
 
 3
 * Young argues that there is insufficient evidence linking him to a distribution of cocaine base by Derek Anderson in July of 1989. Because Young failed to move for acquittal, we review his challenge to the sufficiency of the evidence only " 'to prevent a manifest miscarriage of justice' or for plain error." United States v. Comerford, 857 F.2d 1323, 1324 (9th Cir.1988) (quoting United States v. Ochoa-Torres, 626 F.2d 689, 691 (9th Cir.1980)), cert. denied, 488 U.S. 1016, 109 S.Ct. 812, 102 L.Ed.2d 802 (1989).
 
 
 4
 In March of 1989, Anderson told an informant that Young was a major distributor of cocaine and arranged for Young and the informant to meet. The informant bought four ounces of cocaine from Young. In July, an undercover agent contacted Anderson and discussed a purchase. Anderson said he was out of cocaine and that his source had just gone to Bremerton. Telephone records recovered from the house where Young was arrested showed calls from that house to Bremerton. Anderson sold forty-five grams of cocaine base to the agent on July 7. In November, the informant negotiated a kilo purchase with Young. Young told him, "I got Derek sitting on what you're talking about. I can send you to him." After that, Young was arrested at his home; a search turned up three pagers, two of which had numbers Young used. The remaining pager was leased by Anderson. Anderson called Young's house after Young's arrest.
 
 
 5
 Young contends that he was not present for the July delivery, and there are no facts which show his participation in it or that the conspiracy between Anderson and himself was on-going at the time of the July 7 transaction or continued beyond the delivery from Young to the informant in March, 1989. However, the jury could reasonably conclude that the relationship between Young and Anderson was on-going in July: they were involved together in a distribution of cocaine in March, and again in November; and in connection with the July transaction, Anderson indicated his source was on the way to Bremerton, and calls had been placed on phones where Young lived to Bremerton. There was no miscarriage of justice.
 
 III
 
 6
 Young contends that the prosecutor improperly commented on his invocation of the fifth amendment privilege against self-incrimination. After Young was arrested, he and an acquaintance named Richardson were taken to jail together. Richardson testified that on the way to jail, Young told him, "[W]hatever I [Richardson] do don't--you know, don't say anything about what I--about what I saw." In closing argument, the prosecutor stated:
 
 
 7
 Through [Richardson's] cross-examination, I guess, the defense would like you to believe that [Young] was just explaining his constitutional rights to remain silent. Well, that's just absurd. If he was innocent, what would he be saying to Mr. Richardson? "For God's sake, tell them I'm innocent. Tell them what happened inside the house."
 
 
 8
 Denial of a motion for mistrial is reviewed for abuse of discretion, United States v. Segal, 852 F.2d 1152, 1155 (9th Cir.1988), and a prosecutor's comments on a defendant's failure to testify are subject to harmless error analysis. United States v. Espinosa, 827 F.2d 604, 616 (9th Cir.1987), cert. denied, 485 U.S. 968, 108 S.Ct. 1243, 99 L.Ed.2d 441 (1988). "The test is whether the comment is 'manifestly intended to call attention to the defendant's failure to testify, and is ... of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify.' " United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988) (quoting United States v. Bagley, 772 F.2d 482, 494 (9th Cir.1985), cert. denied, 475 U.S. 1023, 106 S.Ct. 1215, 89 L.Ed.2d 326 (1986)); see also Anderson v. Nelson, 390 U.S. 523, 524, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968) (reversal mandated "where such comment is extensive, where an inference of guilt from silence is stressed to the jury as a basis of conviction, and where there is evidence that could have supported acquittal").
 
 
 9
 Here, the prosecutor's comments were not directly addressed to Young's failure to testify, but rather to an admission made by Young on the way to jail. They were also designed to refute argument by Young's counsel that Young was merely advising Richardson of his fifth amendment rights. In these circumstances we cannot say that the prosecutor "manifestly intended to call attention to the defendant's failure to testify," Bagley, 772 F.2d at 494, or stressed an "inference of guilt from silence." Anderson, 390 U.S. at 524.
 
 
 10
 The district court also gave the jury a prompt, curative instruction reminding them that no guilt could be inferred from Young's constitutional right to remain silent. "Where the prosecutorial comment was a single isolated statement, where it did not stress any reference to guilt, and where it was followed by curative instructions, we have been reluctant to reverse." United States v. Kennedy, 714 F.2d 968, 976 (9th Cir.1983), cert. denied, 465 U.S. 1034, 104 S.Ct. 1305, 79 L.Ed.2d 704 (1984). Accordingly, the district court did not abuse its discretion in denying Young's motion for mistrial.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3