990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gardner Ernest FLOCKHART, Defendant-Appellant.
 No. 91-50367.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 1, 1993.
Decided March 29, 1993.
 
 Before D.W. NELSON, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Flockhart appeals his conviction for conspiracy to possess with the intent to distribute and distribution of in excess of 500 grams of cocaine in violation of 21 U.S.C. § 846, possession of approximately one kilogram of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), distribution of approximately one kilogram of cocaine in violation of 21 U.S.C. § 841(a)(1), possession of approximately 4,955.2 grams of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), the use of multiple firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), possession of multiple firearms after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1), and possession of multiple firearms not registered to the defendant in violation of 26 U.S.C. § 5861(d). On appeal, Flockhart contends he should have been granted a Franks hearing, that there was no probable cause to support a search of his residence, that the search warrant was not executed in good faith, and that the evidence was insufficient to support his conviction for conspiracy to possess and distribute cocaine.
 
 I. Whether the Search Warrant Was Stale
 
 3
 Flockhart contends that the information in the search warrant affidavit was stale because it described events over a period of six months before the warrant was executed. He claims, therefore, that there was no probable cause.
 
 
 4
 We have recognized that "with respect to drug trafficking, probable cause may continue for several weeks, if not months, of the last reported instance of suspect activity." United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986). We routinely uphold findings of probable cause where there is evidence of drug trafficking activity for long periods of time. See, e.g., United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991) (two year old information was not stale). Moreover, the court specifically relied on the October 12, 1990 taped telephone conversation in which Edgington and Lloyd planned a transaction involving three kilograms of cocaine for October 14, 1990, the date of the arrests and search of Flockhart's residence. Flockhart's contention that there was no probable cause because the information in the affidavit was stale has no basis in either the facts of this case or the law.
 
 
 5
 II. The Allegedly False Statement in the Affidavit
 
 
 6
 Flockhart contests the finding of probable cause based on the statement in the affidavit that the informant, Edgington, identified Flockhart's van (which was at the time under repair in a garage) as belonging to the cocaine supplier. Flockhart contends "Mr. Edgington's statement was a false statement" because Edgington could not have seen Flockhart's van at the garage on the date stated in the affidavit. Opening Brief at 23. Flockhart claims there should have been a Franks hearing to show that the false statement was reckless or intentional.
 
 
 7
 We have held that "[a]llegations that statements reported in the affidavit and made to the affiant are false are not sufficient to satisfy the requirements for a Franks hearing unless the defendant contends that the affiant has misrepresented the statements made by another." United States v. Perdomo, 800 F.2d 916, 921 (9th Cir.1986) (citation omitted). Therefore, Flockhart's contention that Edgington, who was not the affiant, made a false statement is not sufficient to satisfy the requirement for a Franks hearing.
 
 
 8
 Flockhart also makes the argument that the affiant lied because Edgington did not make the false statement: "[the affiant's] statement that Mr. Edgington made the statement was completely false. [The affiant's] false statement must have been 'knowingly and intentionally, or with reckless regard for the truth' made to be included in the affidavit to be included in the affidavit within the meaning of Franks." Opening Brief at 23.
 
 
 9
 The Supreme Court has held that a defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally or with reckless disregard for the truth, was included by the affiant in the warrant affidavit...." Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Flockhart presented no evidence that the affiant, Officer Lee, either lied himself or knew or should have known that Edgington lied. No declarations or other evidence regarding the van were before the court. Therefore, Flockhart failed to make a substantial preliminary showing that he was entitled to a Franks hearing.
 
 
 10
 III. Whether the District Court Correctly Refused to Impute
 
 
 11
 the Confidential Informant's Allegedly False
 
 Statements to the Government
 
 12
 To circumvent the rule that "[t]he deliberate falsity or reckless disregard whose impeachment is permitted ... is only that of the affiant, not of any nongovernment informant," Franks, 438 U.S. at 171, Flockhart argues that the informant was an agent and instrument of the Ventura Police Department.
 
 
 13
 This argument is made for the first time on appeal. We decline to consider the issue. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1187, 1189 (9th Cir.), amended, June 15, 1992, cert. denied, 113 S.Ct. 258 (1992).
 
 
 14
 IV. The Informant's Reliability and Probable Cause
 
 
 15
 Flockhart argues that the affidavit failed to establish probable cause because Edgington was an unreliable informant and the government failed to corroborate his information. This argument lacks merit.
 
 
 16
 Probable cause and the veracity of informants are determined by examining the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238 (1938). We have observed that a detailed eye-witness report of a crime supplies its own indicia of reliability. United States v. Elliott, 893 F.2d 220, 223 (9th Cir.), modified, 904 F.2d 25 (9th Cir.), cert. denied, 111 S.Ct. 268 (1990).
 
 
 17
 The affidavit states that when the informant telephoned Flockhart's co-conspirator, Lloyd, to obtain cocaine, Lloyd stated that he would call his "connection." Officer Lee was present when those recorded calls were made; this information needed no other corroboration. The telephone billing records show that each time Edgington requested cocaine, Lloyd paged Flockhart within minutes or hours after speaking with Edgington. Officer Lee determined that the pager number called was registered only to Flockhart. On one occasion, Lloyd told Edgington that he was repairing his supplier's van. Edgington gave the van's license number to Officer Lee. A Department of Motor Vehicles check showed that the van in question was registered to Flockhart. Therefore, Edgington's veracity and probable cause was established by the evidence and the totality of the circumstances.
 
 
 18
 Because there was probable cause, we need not decide whether the officer's reliance on the search warrant was objectively reasonable. See United States v. Leon, 468 U.S. 897 (1984).
 
 
 19
 V. Whether There Was Sufficient Evidence to Convict
 
 
 20
 Flockhart of Conspiracy to Possess and Distribute Cocaine
 
 
 21
 Flockhart contends the evidence was insufficient to convict him of conspiracy to possess and distribute cocaine because all he had was a simple buyer-seller relationship with Lloyd. We have yet to decide whether a single buyer-seller transaction constitutes a conspiracy. See United States v. Houser, 929 F.2d 1369, 1372 (9th Cir.1990). For the reasons below, we need not decide the issue here.
 
 
 22
 Because Flockhart failed to renew his motion for a judgment of acquittal at the end of all the evidence, he waived his objection to the sufficiency of the evidence. United States v. Comerford, 857 F.2d 1323, 1324 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). We may nevertheless review for plain error. Id.
 
 
 23
 The quantity of cocaine Flockhart gave Lloyd and the greater quantity of cocaine prepared for further distribution to Lloyd found at Flockhart's residence support the government's contention that Flockhart knew the drug would be distributed elsewhere and that he conspired with Lloyd to achieve that result. See United States v. Meyers, 847 F.2d 1408, 1414 (9th Cir.1988) (substantial quantity of cocaine supported conspiracy charging intent to redistribute elsewhere).
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3