35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Heriberto FARIAS-TORRES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-appellee,
v.
Maria Anita OROZCO-AGUILAR, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose GONZALEZ-SALAS, aka Jose Orozco, Defendant-Appellant.
 Nos. 93-10117, 93-10120 and 93-10140.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 10, 1994.*
Decided Aug. 31, 1994.
 
 Before: FLETCHER, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Heriberto Farias-Torres (Torres) appeals his conviction after a jury trial for conspiracy to distribute methamphetamine and heroin in violation of 21 U.S.C. Secs. 846 and 841(a)(1), and possession with the intent to distribute methamphetamine and heroin in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Torres' codefendant, Jose Gonzalez-Salas (Gonzalez), was convicted of the same offenses. Counsel for Gonzalez has filed a request to withdraw as counsel of record pursuant to Anders v. California, 386 U.S. 738 (1967). Maria Anita Orozco-Aguilar pleaded guilty to the same offenses for which her codefendants were convicted. Her attorney has also filed a request to withdraw.
 
 1. Heriberto Farias-Torres
 
 3
 Torres claims the evidence at trial was insufficient to support his conviction. "Because [Torres] failed to renew his motion for judgment of acquittal at the close of his case, he effectively waived his objection to the sufficiency of the government's evidence. In this circuit, however, we may review the denial of a nonrenewed motion for acquittal, but only 'to prevent a manifest miscarriage of justice' or for plain error." United States v. Comerford, 857 F.2d 1323, 1324 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989) (citations omitted).
 
 
 4
 The government clearly established the existence of a conspiracy. Therefore, evidence of only a slight connection to the conspiracy was necessary to convict Torres of knowing participation in it. See United States v. Arbelaez, 719 F.2d 1453, 1458 (9th Cir.1983), cert. denied, 467 U.S. 1255 (1984).
 
 
 5
 The evidence at trial established that on one occasion, Torres handed heroin wrapped in tin foil to a government agent and that on another occasion, Torres transported four and one-half pounds of methamphetamine and ten ounces of heroin worth approximately $100,000. Upon Torres' arrest, a "pay-owe" sheet was found in his left front pocket. This evidence is sufficient to establish Torres' connection to the conspiracy. These same facts also support Torres' conviction for possession. See United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied, 488 U.S. 943 (1988) (large quantity of drugs will support possession conviction).
 
 
 6
 Torres additionally claims that the district court erroneously allowed into evidence statements made by his coconspirators. We review for abuse of discretion the district court's decision to admit statements of a coconspirator and we review for clear error the underlying factual determination that a conspiracy existed. United States v. Arambula-Ruiz, 987 F.2d 599, 607 (9th Cir.1993).
 
 
 7
 The government introduced numerous statements made by Torres' coconspirator and codefendant, Maria Anita Orozco-Aguilar (Orozco). The earliest of these statements was made on April 22, 1992. On that date, a government agent met with Orozco at her restaurant to discuss buying a large quantity of methamphetamine. The agent asked Orozco for her phone number in order to contact her in the future. Orozco tore off a restaurant receipt and wrote two phone numbers on the back. She also wrote her name and the name "Jose," the first name of her common-law husband and codefendant, Jose Gonzalez-Salas. Evidence of events occurring after April 22 clearly established Gonzalez's involvement in the conspiracy. Thus, the district court did not clearly err in concluding that a conspiracy existed as early as April 22.
 
 
 8
 Torres also claims that the court erred in admitting statements made by Orozco before Torres joined the conspiracy. Torres' claim is unfounded. Statements of co-conspirators are not hearsay even if made prior to the entry of the conspiracy by the party against whom they are used. United States v. Mkhsian, 5 F.3d 1306, 1312 (9th Cir.1993). The district court did not err in admitting statements made by a coconspirator.
 
 2. Jose Gonzalez-Salas
 
 9
 Gonzalez's counsel has filed an Anders brief, suggesting that there are no arguable issues. Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 82-3 & n. 6 (1988), confirms counsel's suggestion. Gonzalez was present at the sale of narcotics from Orozco to a government agent. Gonzalez's defense was that he did not understand the nature of the transaction because he does not understand English, the language used to discuss the deal. The evidence at trial amply refuted this theory.
 
 3. Maria Anita Orozco-Aguilar
 
 10
 Orozco's counsel has also filed an Anders brief. This brief makes reference to only two matters that were disputed before the trial court.
 
 
 11
 The first disputed matter was Orozco's motion to withdraw her guilty plea. The district court accepted Orozco's plea only after she admitted the factual bases for the plea. The record indicates that Orozco's plea was knowing and voluntary. Orozco later sought to withdraw the plea primarily because her attorney had misadvised her as to the potential sentence she might serve. The attorney's "erroneous prediction ... concerning sentencing does not entitle [her] to challenge [her] guilty plea." United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990). The district court did not abuse its discretion in denying Orozco's motion to withdraw her guilty plea. See id. (denial of a motion to withdraw a guilty plea reviewed for abuse of discretion).
 
 
 12
 The Anders brief and the record disclose a second disputed matter. Orozco objected to the district court's application of a firearm enhancement in calculating her sentence. This enhancement is warranted when a gun is "possessed during the course of criminal conduct." United States v. Stewart, 926 F.2d 899, 901 (9th Cir.1991). In the case of a conspiracy, the possession need not occur during the overt act of distribution. Id. at 902.
 
 
 13
 Two weapons were found in Orozco's bedroom. Orozco admitted that she owned one of the weapons. The district court's decision to apply the firearm enhancement was not clearly erroneous.
 
 
 14
 The judgments of the district court are AFFIRMED. The motions to withdraw as counsel of record filed by counsel for Maria Anita Orozco-Aguilar and by counsel for Jose Gonzalez-Salas are GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3