40 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith PULLAM, Defendant-Appellant.
 No. 93-50532.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 1, 1994.
Decided Nov. 23, 1994.
 
 1
 Before: O'SCANNLAIN and T.G. NELSON, Circuit Judges, and MERHIGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Keith Pullam (Pullam) appeals his conviction and sentence for armed robbery. We affirm.
 
 A. Appointment of New Counsel
 
 4
 Pullam appeals the district court's denial of his request for new counsel arguing that the court did not adequately inquire into his reasons for the request and that attorney-client communication had terminated.
 
 
 5
 We consider three factors in determining whether the district court abused its discretion in denying a request for substitution of counsel: "(1) timeliness of the motion; (2) adequacy of the court's inquiry into defendant's complaint; and (3) whether the conflict between defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense." United States v. Roston, 986 F.2d 1287, 1292 (9th Cir.) (internal quotation omitted), cert. denied, 114 S.Ct. 206 (1993). The Government concedes Pullam's request was timely; thus, only the adequacy of the district court's inquiry and the extent of any conflict must be considered.
 
 
 6
 Adequate inquiry requires the district court to focus "on the nature and extent of the conflict between the defendant and counsel." United States v. Walker, 915 F.2d 480, 483 (9th Cir.1990). The court must determine "whether the conflict between [the defendant] and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense." Id.
 
 
 7
 The district court's inquiry in Pullam's case was adequate. The district court expressly asked Pullam to explain his basis for requesting substitution of counsel; however, Pullam was unable to articulate any definite reasons. The only substantive complaint offered by Pullam was his claim that he did not understand the plea agreement and that his counsel made him sign it. In response to this claim, the district court clearly indicated to Pullam that he was not required to sign the agreement, and further, it remedied any lack of communication by adjourning the hearing to allow his counsel to explain the proposed plea agreement to Pullam and to ensure that he understood the agreement. Thus, we hold that the district court's inquiry was adequate. See Hudson v. Rushen, 686 F.2d 826, 831-32 (9th Cir.1982) (holding inquiry adequate where district court "invited defendant to make a statement, listened to defendant's reasons for desiring new counsel, and found them to be without merit"), cert. denied, 461 U.S. 916 (1983); United States v. Castro, 972 F.2d 1107, 1109-10 (9th Cir.1992) (holding inquiry adequate where district court specifically questioned defendant and addressed each concern of defendant), cert. denied, 113 S.Ct. 1350 (1993). Moreover, the fact that Pullam's counsel urged him to sign the plea agreement is not a basis for substitution of counsel. "[C]ounsel may advise a defendant to plead guilty if that advice falls within the range of reasonable competence under the circumstances and a pessimistic prognosis by counsel is not a ground for change of counsel." United States v. Rogers, 769 F.2d 1418, 1424 (9th Cir.1985) (internal quotation and citation omitted). There is no evidence to indicate advice to plead guilty was outside the range of reasonable advice in this case.
 
 
 8
 Furthermore, we conclude that any conflict which existed between Pullam and his counsel was not extensive. It was not so severe that it prevented all communication between Pullam and his counsel. Nor is there evidence to establish that this conflict prevented his counsel from adequately representing Pullam. See Castro, 972 F.2d at 1110 (finding conflict "not so severe that it prevented all communication and thereby the ability to conduct a defense").
 
 
 9
 Because the district court's inquiry into the conflict was adequate and that conflict was not extensive, we hold the district court did not abuse its discretion by denying Pullam's motion to substitute counsel.
 
 B. Sufficiency of Evidence
 
 10
 Pullam argues there is insufficient evidence to support his conviction. Although Pullam made a Rule 29 motion for acquittal during the trial, he failed to renew this motion at the close of trial. Consequently, Pullam waived his objection to the sufficiency of the evidence, see United States v. Conkins, 9 F.3d 1377, 1384 (9th Cir.1993), and we review only for "plain error or to prevent a manifest miscarriage of justice." United States v. Comerford, 857 F.2d 1323, 1324 (9th Cir.1988) (internal quotation omitted).
 
 
 11
 To support a conviction for armed bank robbery, the Government had to prove that Pullam took money belonging to a bank, whose deposits were federally insured, by force or intimidation and that Pullam intentionally used a dangerous weapon or aided and abetted such a display of force reasonably causing the bank employees to fear bodily harm. See 18 U.S.C. Sec. 2113(a)(d). Pullam contends there was insufficient evidence to establish his identity as a robber and to establish the use of a gun during the robbery.
 
 1. Identification of Pullam
 
 12
 At trial, both John Roweiheb (Roweiheb) and Moises Calix (Calix) identified Pullam in court as one of the robbers. Each of these witnesses testified that he had an opportunity to see Pullam's face during the robbery. Also, Thomas Warren (Warren) testified that both Roweiheb and Calix identified Pullam as the robber upon viewing a photospread. Additionally, surveillance photographs were admitted into evidence so that the jury could itself compare Pullam to the photographed robbers. Based on this evidence, we hold that a rational trier of fact could have found Pullam was indeed one of the robbers. See United States v. Terry, 760 F.2d 939, 941-42 (9th Cir.1985) (holding in-court identifications of eyewitnesses sufficient to establish defendant was robber).
 
 2. Use of Gun During Robbery
 
 13
 Pullam's sole argument on appeal regarding the use of a gun during the robbery is that there was no credible evidence a gun was used during the robbery. Pullam does not challenge, in the alternative, his knowledge of the use of a gun during the robbery.
 
 
 14
 No evidence supports the conclusion that Pullam himself used a gun during the robbery. However, he may still be convicted of armed robbery pursuant to 18 U.S.C. Sec. 2113(a)(d) as an aider and abettor. "An accused charged with an offense may be convicted on evidence showing the he aided and abetted another in the commission of that offense, even though the indictment does not allege this theory of liability." United States v. Roselli, 432 F.2d 879, 895 n. 27 (1970), cert. denied, 401 U.S. 924 (1971); see also United States v. Dinkane, 17 F.3d 1192, 1194, 1196 (9th Cir.1994) (analyzing sufficiency of defendant's conviction for armed robbery in violation of 18 U.S.C. Sec. 2113(a)(d) under aiding and abetting theory); United States v. Corral-Ibarra, 25 F.3d 430, 435-36 (7th Cir.1994) ("Aiding and abetting need not be specifically alleged in the indictment, and a defendant indicted for a substantive offense may be convicted as an aider and abettor upon proper proof so long as no unfair surprise results.").
 
 
 15
 In order to convict a defendant for armed bank robbery under an aiding and abetting theory, this circuit requires the government to show beyond a reasonable doubt both that the defendant knew that the principal had and intended to use a dangerous weapon during the robbery, and that the defendant intended to aid in the endeavor.
 
 
 16
 Dinkane, 17 F.3d at 1195. In Dinkane, we addressed the issue of whether there was sufficient evidence to retry the defendant who drove the get-away car. Id. at 1196. We held there was not, noting "[t]here was no testimony that the robbers visibly carried guns until they were entering the bank," and further that there was no testimony that the gun was ever visible to the defendant who remained in the car. Id. at 1198.
 
 
 17
 Conversely, in this case there was testimony that a robber visibly carried a gun during the robbery. Calix testified that he saw the gun, and he even identified it as a nine millimeter gun. Also, Fabiola Alfaro (Alfaro), a bank teller, testified she saw one of the robbers with a gun inside the bank. Alfaro's testimony establishes that the gun was visibly used in Pullam's presence while he was in the bank. The jury could have reasonably inferred that, like Alfaro, Pullam too saw one of the robbers using a gun in the bank. Further, the jury could have reasonably inferred that Pullam knew a gun was being used and that he intended its use because he participated in the robbery. Thus, we hold there was sufficient evidence to convict Pullam of armed robbery under an aiding and abetting theory.
 
 C. Ineffective Assistance of Counsel
 
 18
 Pullam argues the district court abused its discretion by denying his motion for a new trial based on ineffective assistance of counsel. We disagree.
 
 
 19
 "The customary procedure for raising a claim of ineffective assistance of counsel in this Circuit is by collateral attack under 28 U.S.C. Sec. 2255." United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991). However, we address the merits of Pullam's ineffective assistance of counsel claim on direct appeal because we find "the record is sufficiently complete." Id. (internal quotation omitted).
 
 
 20
 To prevail on an ineffective assistance of counsel claim, the defendant must establish both deficient performance and prejudice. Molina, 934 F.2d at 1446. To establish deficient performance, the defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance." Id. at 1447 (internal quotation and ellipses omitted). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. (internal quotation omitted). To establish prejudice, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation omitted).
 
 
 21
 Pullam alleges four specific errors which he contends resulted in incompetent representation. Because none of his challenges have merit, we hold the district court did not abuse its discretion in denying Pullam's motion for a new trial.
 
 1. Motion to Exclude Post-Arrest Statement
 
 22
 We conclude that failure to move to suppress Pullam's custodial statement to Warren ("You got me. I done wrong.") was not professionally unreasonable or prejudicial. Warren's custodial questioning was not reasonably likely to elicit this incriminating response. See Rhode Island v. Innis, 446 U.S. 291, 301 (1980). Instead, the statement was spontaneous, and a " 'spontaneous' or 'volunteered' confession of a suspect in custody is admissible." United States v. Booth, 669 F.2d 1231, 1237 (9th Cir.1981). Consequently, any motion to suppress the statement would have been denied, and although "a defendant has everything to gain and nothing to lose in filing a motion to suppress, it is not professionally unreasonable to decide not to file a motion so clearly lacking in merit." Molina, 934 F.2d at 1447 (internal quotation omitted). Furthermore, Pullam consistently maintained that he had never made the statement. As the district court noted during the motion for new trial, denying the statement was a legitimate trial strategy.
 
 
 23
 2. Impeachment by Prior Inconsistent Statements
 
 
 24
 Pullam also challenges his counsel's effectiveness because he did not use prior inconsistent statements to impeach Roweiheb and Calix's in-court identifications. We have previously held that counsel's decision not to use prior inconsistent statements for impeachment purposes is a matter of trial tactics and is not ineffective assistance. See Gustave v. United States, 627 F.2d 901, 905 (9th Cir.1980) (addressing a counsel's failure "to utilize prior sworn testimony of various witnesses in an effort to destroy their in-court identification with alleged inconsistencies" and concluding failure was "obviously a matter of trial tactics and falls far short of ineffective counsel").
 
 
 25
 3. Failure to Object to Warren's Explanatory Testimony
 
 
 26
 Pullam also challenges his counsel's failure to object to Warren's explanation of Roweiheb's statement ("That's the closest one.") when he identified Pullam in the photospread. Warren explained that Roweiheb in making this comment was referring to the proximity of the robber to him and that the statement did not indicate a failure to definitely identify Pullam as a robber. Warren's explanation is rationally based on his perception of Roweiheb's statement; the explanation places the statement in the context of the related conversation. Consequently, the explanation was admissible under Fed.R.Evid. 701. Thus, we conclude failure to object to Warren's explanation was not unreasonable.
 
 4. Failure to Point Out Sleeping Juror
 
 27
 Finally, Pullam claims his counsel should have taken action with respect to a juror who was allegedly sleeping. Neither counsel for Pullam nor for the Government nor the judge saw a sleeping juror. There is no evidence in the record to support Pullam's claim that he was deprived of an attentive jury. Given the fact that no one besides Pullam noticed a sleeping juror, it is unlikely he was deprived of a fair trial. We conclude that even if there were a sleeping juror, Pullam's right to trial was not adversely affected "to the extent that he did not receive a fair trial." United States v. Barrett, 703 F.2d 1076, 1083 (9th Cir.1983).
 
 D. Sentencing
 
 28
 The district court enhanced Pullam's sentence two levels pursuant to U.S.S.G. Sec. 3C1.1 because Pullam made telephone calls from prison, after his conviction but before sentencing, to request that friends harm an alleged Government informant. Pullam challenges this enhancement on three grounds. First, he argues he did not directly threaten the alleged informant, and thus, Sec. 3C1.1 is inapplicable. This contention is without merit. "Where a defendant's statements can be reasonably construed as a threat, even if they are not made directly to the threatened person, the defendant has obstructed justice." United States v. Jackson, 974 F.2d 104, 106 (9th Cir.1992).
 
 
 29
 Second, Pullam contends that because the threat occurred after he had already been convicted, his conduct does not falls within Sec. 3C1.1. The text of Sec. 3C1.1 requires the obstructive conduct to occur "during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. Sec. 3C1.1. Because Pullam had not yet been sentenced, we conclude his conduct was within Sec. 3C1.1.
 
 
 30
 Finally, Pullam contends that because the alleged informant was not a witness his conduct was not within Sec. 3C1.1. The district court relied on U.S.S.G. Sec. 3C1.1, comment. (n. 3(i)) which permits an enhancement for obstruction of justice when the defendant's conduct is prohibited by 18 U.S.C. Sec. 1513. Section 1513(a)(2) forbids intentional retaliation against an informant. The district court reasonably concluded Pullam's conduct was in violation of Sec. 1513. Consequently, Pullam's indirect threat to an informant was within Sec. 3C1.1. See United States v. Cotts, 14 F.3d 300, 307-08 (9th Cir.1994) (affirming obstruction of justice enhancement based on defendant's role in plot to murder a perceived informant which was conduct prohibited by Sec. 1513(a)(2)). Thus, we hold Pullam's threat warranted a two-level enhancement pursuant to Sec. 3C1.1.
 
 
 31
 AFFIRMED.
 
 
 
 *
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3