99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Floro CAUTON, Defendant-Appellant.
 No. 95-10553.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Oct. 18, 1996.
 
 Before: WALLACE, HALL, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Floro Cauton appeals from his convictions for conspiracy to distribute cocaine and methamphetamine and conspiracy to launder money. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Cauton contends the government did not prove a single overall conspiracy to distribute cocaine and methamphetamine as alleged in count 1 of the fourth superseding indictment, but instead proved two separate conspiracies--one to distribute cocaine and another to distribute methamphetamine--which resulted in a prejudicial variance between the indictment and the proof at trial. Cauton argues in the alternative that even if the evidence presented at trial proved the existence of one conspiracy, he never joined it.
 
 
 4
 It is settled that if the indictment charges jointly tried defendants with participation in a single conspiracy, but the evidence reveals multiple, discrete conspiracies, such a variance may be so prejudicial as to require reversal. United States v. Friedman, 593 F.2d 109, 116 (9th Cir.1979) ("A conviction for an offense other than that charged in the indictment must be reversed if the variance between the indictment and the proof affects the substantial rights of the parties.") (citations omitted); see also Kotteakos v. United States, 328 U.S. 750 (1946). We must therefore ask whether there was, in fact, a variance, and if so, whether it was prejudicial. United States v. Durades, 607 F.2d 818, 819 (9th Cir.1979).
 
 
 5
 At oral argument, Cauton conceded that this argument was never presented to the district court. When a defendant raises an issue on appeal that was not raised before the district court, the court of appeals may review only for plain error. United States v. Jackson, 84 F.3d 1154, 1158 (9th Cir.1996). Plain error is "clear" or "obvious" error that affected the defendant's substantial rights. United States v. Karterman, 60 F.3d 576, 579 (9th Cir.1995). We also review Cauton's objection to the sufficiency of the evidence for plain error because he failed to renew his motion for judgment of acquittal at the close of his case. United States v. Comerford, 857 F.2d 1323, 1324 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). The first question turns on whether a single conspiracy has been proved, rather than multiple conspiracies, which essentially is a question of the sufficiency of the evidence. United States v. Kenny, 645 F.2d 1323, 1335 (9th Cir.), cert. denied, 452 U.S. 920 and 454 U.S. 828 (1981). "The evidence need not be such that it excludes every hypothesis but that of a single conspiracy; rather, it is enough that the evidence adequately supports a finding that a single conspiracy exists." Id. (citation omitted). Thus, "the critical inquiry is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Here, in other words, we "would have to be able to say that no rational trier of fact could have found a single conspiracy on this evidence before we could disturb the jury's finding, implicit in its guilty verdict, that a single conspiracy had been proved." Id. Under the appropriate standard of review, we would also have to hold that the error was "clear" or "obvious," and that it affected Cauton's substantial rights. Karterman, 60 F.3d at 579.
 
 
 6
 A single conspiracy, as opposed to multiple conspiracies, "is one overall agreement to perform various functions to achieve the conspiracy's objectives." United States v. Shabani, 48 F.3d 401, 403 (9th Cir.1995) (internal quotations and citation omitted). A "single conspiracy may involve several subagreements or subgroups of conspirators." United States v. Bibbero, 749 F.2d 581, 587 (9th Cir.1984) (citation omitted), cert. denied, 471 U.S. 1103 (1985); see also United States v. Patterson, 819 F.2d 1495, 1502 (9th Cir.1987). To distinguish a single from a multiple conspiracy, we examine "the nature of the scheme; the identity of the participants; the quality, frequency, and duration of each conspirator's transactions; and the commonality of time and goals." Bibbero, 749 F.2d at 587 (citation omitted).
 
 
 7
 Applying these principles, the evidence presented at trial supports a finding of a single conspiracy. The evidence, viewed in the light most favorable to the government, established that Velasco was the mastermind of a drug trafficking conspiracy from 1990 through 1993, as alleged in the indictment. While the cast of coconspirators changed over the years, the key participants--such as Velasco, Ramiscal, Cabigas, and Ramos--remained relatively constant. Likewise, the method of operation remained virtually identical throughout. Members of Velasco's organization would mail packages containing cocaine (and later, methamphetamine, and for several months in 1991, both drugs) from California to Hawaii, where other members would break the drug down into smaller quantities for distribution in Hawaii. Cauton, and later Agbalog, was in charge of Velasco's Hawaii operation, and would carry (and later, wire) the money made from the sales back to Velasco in California. In sum, "[t]he consistency of key personnel and of method and type of operation militates against the separation of [Velasco's drug trafficking] operation into smaller, independent conspiracies." Id.
 
 
 8
 We also reject Cauton's contention that he wasn't a member of this drug trafficking conspiracy because he was forced out before Velasco began distributing methamphetamine. "Once a conspiracy has been established, evidence of only a slight connection with it is sufficient to establish a defendant's participation in it." United States v. Castaneda, 16 F.3d 1504, 1510 (9th Cir.1994) (citation omitted). Moreover, "[w]hen an indictment includes a single conspiracy count conjunctively alleging multiple offenses, a jury may convict by finding a conspiracy to commit any or all of the conjunctive acts alleged." United States v. Castro, 887 F.2d 988, 993 (9th Cir.1989) (citation omitted); see also Griffin v. United States, 502 U.S. 46, 56-57 (1991) (a defendant can be convicted of involvement in a multiple object conspiracy even if the evidence implicates him in only one object of that conspiracy); Turner v. United States, 396 U.S. 398, 420 (1970) ("when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, ... the verdict stands if the evidence is sufficient with respect to any one of the acts charged"). There was sufficient evidence to establish that Cauton participated in one of the objects of the Velasco drug trafficking conspiracy--distribution of cocaine. In addition, taken in the light most favorable to the government, the evidence supported the conclusion that Velasco had begun distribution of methamphetamine prior to Cauton's withdrawal from the conspiracy.
 
 
 9
 We conclude that there was sufficient evidence to enable a reasonable jury to find beyond a reasonable doubt that there was a single overall conspiracy and that Cauton was a member of it. As such, no variance from the indictment has been shown, and we need not decide whether any such error would have been "plain" or prejudicial to Cauton.
 
 II
 
 10
 Cauton argues that the district court erred by not giving the jury a specific unanimity instruction and a multiple conspiracies instruction. We disagree.
 
 
 11
 Because Cauton did not object to the district court's conspiracy instructions, we review for plain error. Jackson, 84 F.3d at 1158. In the ordinary case, "a general instruction that the verdict must be unanimous will be sufficient to protect the defendant's rights." United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir.) (citations omitted), cert. denied, 493 U.S. 969 (1989). And while "a specific unanimity instruction is required in cases where the evidence is sufficiently factually complex to indicate that jury confusion may occur," id. at 1320, we disagree with Cauton that this is such a case. The evidence clearly indicated that Cauton trafficked in cocaine from early 1990 through September 1991; no evidence was presented that Cauton was involved in trafficking methamphetamine. Moreover, the court instructed the jury on numerous occasions that it was not to consider against Cauton any of the post-October 1991 evidence of methamphetamine trafficking. Accordingly, we cannot say the district court plainly erred by not giving a specific unanimity instruction.
 
 
 12
 United States v. Payseno, 782 F.2d 832 (9th Cir.1986), upon which Cauton relies, does not compel a different conclusion. In Payseno, the evidence indicated the defendant may have committed three acts of extortion, each of which involved different victims, different methods, and different actors, and each occurring in different places at different times. Id. at 837. Thus, unlike here, the evidence was sufficiently factually complex to indicate that jury confusion might occur.
 
 
 13
 We also reject Cauton's contention that the district court committed plain error by not giving a "multiple conspiracies" instruction. To justify reversal for a failure to give such a charge, Cauton must demonstrate, first, that "the proof at trial indicates that a jury could reasonably conclude that some of the defendants were only involved in separate conspiracies unrelated to the overall conspiracy charged in the indictment," Anguiano, 873 F.2d at 1317 (emphasis added) (citations omitted), and second, that the failure to give a multiple conspiracies instruction resulted in substantial prejudice to him, United States v. Loya, 807 F.2d 1483, 1492-93 (9th Cir.1987). Cauton, however, has satisfied neither of these requisites. As we have explained, the evidence did not support the separate conspiracies urged by Cauton, especially ones that could be characterized as "unrelated." In any event, the conspiracy instructions the district court actually gave here were virtually identical to those we have previously upheld as properly informing the jury that it could not find the defendant guilty of an uncharged conspiracy. Id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3